## A. W. KINNARD v. THE STATE.

### *No. 1112.   Decided November 6th, 1895.*

### *Motion for Rehearing Decided December 11th, 1895.*

#### 1.   Aggravated Assault by an Adult Upon a Child—Information.

An information for an aggravated assault, which charges, that the assault was committed by an adult male upon a child, with switches, is sufficient; and the only effect of the allegation of the means used was to confine the State to the proof of such means.

#### 2.   Same—Teacher and Pupil—Evidence.

On a trial for aggravated assault, where the defense was that defendant was a teacher, and had the right to chastise his pupil, evidence that the chastisement was so severe as to cause blood to flow, was proper and admissible, in order to enable the jury to graduate the punishment they might inflict.

#### 3.   Same—Res Gestæ.

Declarations and statements made by a teacher, with regard to the chastisement of a pupil, half an hour after the whipping, were not res gestæ, but self-serving and inadmissible.

##### ON MOTION FOR REHEARING.

#### 4.   Same—Proof of Defendant's Motive and Intent.

On a trial for an aggravated assault, by a teacher upon a pupil, evidence of the motive and intent of the teacher, in inflicting the punishment, is admissible in his behalf.

APPEAL from the County Court of Gregg.   Tried below before Hon. J. T. SMITH, County Judge.

This appeal is from a conviction for aggravated assault, the punishment assessed being a fine of $25.

Omitting formal averments, the information alleged, that accused "did then and there, in and upon Owen Plummer, commit an aggravated assault, and did then and there strike the said Owen Plummer with switches, the said A. W. Kennard then and there being an adult male, and the said Owen Plummer then and there being a child, contrary," etc.   A motion was made to quash the information, because:   (1)   It charges no offense.   (2)   It charges an aggravated assault, but sets out acts showing an aggravated assault *and battery*.   (3)   It charges an aggravated assault without charging how it was committed."   This motion to quash was overruled.

The opinion sufficiently states the facts.

Defendant objected to all evidence as to the nature, character and severity of the chastisement inflicted by him upon Owen Plummer, because the information "did not allege an intent to injure, nor that defendant used immoderate correction, and does not allege acts sufficient to constitute immoderate correction; and only alleges that defendant struck Owen Plummer with switches."   Several bills of exception were reserved to the admission of such testimony.

When defendant was on the stand testifying, as a witness, he was asked by his counsel, "Was it your intention to cut any stripes on Owen Plummer when you whipped him?"   To which, he would have

answered, "That it was not." And counsel for the State objected to the question, for the reason, that defendant could not testify what his intentions were. Which objection the court sustained, and excluded the evidence, and defendant saved a bill of exceptions to the ruling.

*De Graffenried & Young*, for appellant.—In a charge of aggravated assault, the indictment or information must allege the grounds of aggravation, and if an indictment or information charge both an aggravated assault and an aggravated assault and battery, the grounds of both the assault and the battery must be alleged. Code Crim. Proc., 428a; Code Crim. Proc., 421; McMahan v. State, 13 Tex. Crim. App., 222; Marshall v. State, 13 Tex. Crim. App., 492; Key v. State, 12 Tex. Crim. App., 506; Browning v. State, 2 Tex. Crim. App., 47; Kerry v. State, 17 Tex. Crim. App., 185; Bish. Crim. Proc., 3rd Ed., Sec. 325; Williams v. State, 12 Tex. Crim. App., 400.

The evidence offered must correspond with the allegations in the information, and be confined to the point in issue, and if the information only alleged that defendant struck Owen Plummer with switches, and that said defendant was an adult male, and said Owen Plummer a child, the first point in issue was, whether or not defendant struck him with switches, and the next point in issue was whether or not defendant was an adult male, and Owen Plummer a child, and testimony tending to show the infliction of wounds, or the character and extent of wounds under such information is inadmissible by reason of variance. Kennedy v. State, 9 Tex. Crim. App., 399; Lancaster v. State, 9 Tex. Crim. App., 393; Fore v. State, 5 Tex. Crim. App., 251; Persons v. State, 3 Tex. Crim. App., 240; Cesure v. State, 1 Tex. Crim. App., 19; Bolding v. State, 23 Tex. Crim. App., 172; Dowlin v. State, 14 Tex. Crim. App., 61; Pinson v. State, 23 Texas, 579; McGrew v. State, 19 Tex. Crim. App., 302; McGee v. State, 5 Tex. Crim. App., 492; Briggs v. State, 6 Tex. Crim. App., 144; Williams v. State, 8 Tex. Crim. App., 367; Penal Code, 490; 1 Greenleaf on Ev., Sec. 51.

The court erred in not allowing the defendant, when he was on the witness stand, over the State's objection, to testify, "that it was not his intention to cut any stripes on Owen Plummer's leg when he whipped him." Because the defendant had the right to show that in the event he had made cuts, stripes or marks, it was an accident, or to show his innocent intention. To which ruling of the court the defendant, in open court, excepted.

The court erred in not allowing the defendant, when he was on the witness stand, over the State's objection, to testify, "that it was his intention, when he whipped Owen Plummer, to correct him for playing truant," because the relationship of teacher and scholar had previously been shown, and the defendant had the right to show that he was warranted in whipping Owen Plummer. Penal Code, Art. 484; McConnel v. State, 8 S. W. Rep., 275; Berry v. State, 30 Tex. Crim. App., 423; Dowlin v. State, 14 Tex. Crim. App., 61; Bolding v. State, 23

Tex. Crim. App., 172; Ware v. State, 7 S. W. Rep., 240; Crawford v. State, 1 S. W. Rep., 447; Dickerson v. State, 5 S. W. Rep., 648.

*Mann Trice*, Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—The appellant was convicted of an aggravated assault, and his punishment assessed at a fine of $25, and from the judgment of the lower court he prosecutes this appeal.     There is nothing in appellant's motion to quash the information, and the court did not err in overruling same.     The information, in proper terms, charged an aggravated assault, the alleged aggravation consisting in an assault by an adult male upon a child; and the allegation that it was committed with switches is a charge of the means used, and the only effect of this was to confine the state to the proof of the means so charged.     The objection urged by appellant that the State could not prove that the assault was so severe as to cause the blood to flow from the assaulted party appears to us to be frivolous.     The severity of the assault, and the injuries inflicted by appellant, properly went before the jury, in order to enable them to graduate the punishment which they might inflict.  And such evidence became exceedingly pertinent and necessary, in view of the defense set up to-wit: that appellant was a school teacher, and had a right to chastise the prosecutor, who was his pupil. What appellant told J. S. Abbott in regard to the whipping of the prosecutor was some thirty minutes after said whipping, and the appellant had in the meantime engaged in other employment, and such statements were no part of the res gestæ, but were self-serving, and were properly excluded.     In the face of the proof in this case, which was overwhelming as to the severity of the whipping inflicted by appellant,—some of the witnesses stating that appellant cut the blood out of as many as nine places on the prosecutor's legs,—we fail to see how proof of the appellant's intention, which he proposed to prove, would have availed him. See Penal Code, Art. 50.   Under the evidence in this case, it occurs to us that the jury was exceedingly lenient, as they only fined the appellant $25 for having inflicted a most outrageous whipping on a small boy, who is not shown to have offered the least resistance, or done anything at the time calculated to cause appellant to forget his duty and use more force than the law warranted, in exercising moderate restraint and correction over his scholars.   There appearing no error in the record, the judgment is affirmed.

*Affirmed.*

DAVIDSON, Judge, absent.

---

### ON REHEARING.

HENDERSON, JUDGE.—At a former day of this term this case was affirmed, and it now comes before us on motion for rehearing. We have carefully considered the grounds set up in the motion, and in our opinion none of them are tenable, except that which is set up in appellant's ninth bill of exceptions.   Said bill brings in review the refusal of the

court to permit the appellant to testify as to his intention at the time of inflicting the corporal punishment upon Owen Plummer, who was his pupil; the appellant proposing to show by his own testimony that it was not his intention to whip Plummer severely, but that his object was merely to inflict moderate corporal punishment. In the opinion heretofore rendered in this case, we held that, in view of the testimony in the case, it was immaterial what his intention was. Upon a more critical examination of the question, however, we believe we were in error in so holding. The appellant was entitled to this testimony, in view of the peculiar facts of this case; and, whether it was worth much or little, he had a right to have the court consider his testimony as to his intention at the time. As a school-teacher, he had the right to inflict moderate corporal punishment upon the prosecutor, Owen Plummer, for sufficient cause, and his intent and purpose in inflicting such punishment were material. The authorities hold that he could testify as to such intent. Berry v. State, 30 Tex. Crim. App. 423; 9 Crim. Law Mag. p. 166, and authorities there cited. For the error committed by the court in rejecting this testimony, a rehearing is granted, and the cause is reversed and remanded.

*Reversed and Remanded.*