## A. J. STEPHENS V. THE STATE.

### No. 2348. Decided May 7, 1902.

**1.—Assault and Battery by Teacher Upon Pupil.**

Penal Code, article 593, provides that violence to the person does not amount to an assault and battery in the exercise of moderate restraint or correction by a teacher over a scholar; and, in exercising this power, the teacher has discretionary power and is exonerated from punishment for its use unless the punishment inflicted by him upon the scholar is excessive or malicious.

**2.—Same—Evidence Insufficient.**

See opinion for facts in evidence held insufficient to support the conviction of a teacher for simple assault and battery upon a pupil.

Appeal from the County Court of Llano. Tried below before Hon. F. J. Johnson, County Judge.

Appeal from a conviction of simple assault; penalty, a fine of $5.

The opinion states the case.

*McLean & Spears,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was prosecuted by information on a charge of aggravated assault upon Willie Thompson, a child. Upon the trial he was convicted of simple assault, and his punishment assessed at a fine of $5.

The evidence adduced on the trial is substantially as follows: Defendant A. J. Stephens, 29 years of age, was teacher of the Valley Springs public free school in Llano County, and Willie Thompson was a pupil in said school, about 12 years of age. On October 11th, during school hours, Thompson was discovered by defendant reading, with Bourland, another pupil, the following note, to wit, "ada i have Fuck you and you had a cid and its name is bollie. Jester. wade hampton." There was a girl about 14 years old by the name of Ada Jester, who was also a pupil in the school, and the only pupil in the school whose name was Ada. When defendant saw Thompson and Bourland looking at said note, he caused it to be brought and delivered to him, and instituted

inquiry to ascertain the author. Wade Hampton was another pupil of said school, and he and Willie Thompson had had a fight the evening before. At recess Willie Thompson, Wade Hampton and Jimmie Bourland were kept in by defendant for the purpose of ascertaining who was guilty of writing the note. Willie Thompson said he picked the note up from the floor, and that he saw Wade Hampton writing something. Jimmie Bourland said the first time he saw the note Willie Thompson had it in his hand. Jimmie Bourland was sitting in school immediately behind Willie Thompson, and Wade Hampton was sitting just across the aisle, opposite Willie Thompson. All three boys denied writing the note. No further investigation was made until time to dismiss school for the day, when the girls were all dismissed and the boys were required to remain. Whereupon eight of the boys who occupied seats around near where the note was first seen were instructed to take their tablets and pencils and to write at defendant's dictation, the words "had a kid" and "Wade Hampton." And the formation of the letters in the words so written by Willie Thompson were exactly similar to the formation of the letters in the corresponding words in the note, and spelled alike. Defendant, after having satisfied himself that Willie Thompson wrote the note, caused one of the pupils to go out and bring in two switches. The boy sent out for the switches brought in two green mesquite switches, and defendant, with one of the switches, proceeded to whip Willie Thompson on the legs. After three or four strokes the first switch broke, and defendant laid the stub down and took the other switch, and finished the chastisement, striking Willie Thompson in all twenty-seven licks on the legs, after which he walked to the window and returned and struck Willie Thompson six times more over the shoulders. As the result of this whipping, the said Willie Thompson had striped, bruised and blue places on him from just below the hips nearly down to the ankles, but the strokes across the shoulders left no marks. Willie Thompson, at the time, was wearing thin cotton pants, extending down to about the ankle, and had on no drawers,—but defendant did not know that he had on no drawers. Defendant testified that when he saw the contents of the note, such feelings came over him that he could not describe; that he felt outraged that such a note should be written by one of his pupils about one of the girls going to his school; that he first thought Wade Hampton, whose name was to the note, wrote it, and was inclined to whip Wade for the offense, but decided to make a full investigation of the matter first. After he made the investigation outlined above, he told Willie Thompson that he was guilty, to which Willie Thompson replied, 'If I wrote it I didn't know it.' That he whipped Willie Thompson for the sole purpose of maintaining discipline in his school, and was not actuated by anger, spite or ill will. That he thought the boy deserved a good whipping and he gave it to him, but did not intend to inflict immoderate punishment. It was testified to by one of the school boys that defendant looked like he was mad; that his face looked red. Willie Thompson's father and mother did not know anything about the

whipping until late the next evening, which was Saturday, and the next morning, which was Sunday, Willie Thompson's father brought him down to Llano and filed complaint against defendant for an aggravated assault.

Article 593, Penal Code, provides that "violence used to the person does not amount to an assault or battery in the following cases: 1. In the exercise of the right of moderate restraint or correction given by law to the parent over the child, the guardian over the ward, the master over his apprentice, the teacher over the scholar." Under the provisions of this article, the law confides in the teacher the discretionary power to punish pupils and exonerates them from punishment, unless the whipping is excessive or malicious. There is nothing in this evidence to indicate that such was the case here. It is a presumption in favor of appellant that in correcting the pupil he did so in the exercise and within the bounds of lawful authority. We do not think the evidence supports the verdict. Dowlen v. State, 14 Texas Crim. App., 61; Hutton v. State, 23 Texas Crim. App., 386; Kinnard v. State, 35 Texas Crim. Rep., 276.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*