## WILLIAM CABNESS v. THE STATE.

No. 21578. Delivered April 23, 1941.
Rehearing Denied October 8, 1941.

HAWKINS, Presiding Judge, dissenting on rehearing.

The opinion states the case.

*Oliver W. Johnson,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State, on submission.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of aggravated assault and assessed a penalty of one year in the county jail.

The record of the appeal contains but one bill of exception. Another question as to the competency of a three-year-old child as a witness, which has been raised in the argument, we do not feel has been presented for our consideration and it will not be noticed.

The bill of exception raises a question of variance between the allegations of the complaint and the evidence. This has given us considerable concern, but, after careful study of the authorities presented, together with many others, we have concluded that the contention cannot be sustained.

The indictment charges, "William Cabness * * *in and upon Georgia Mae Brown did then and there unlawfully commit an aggravated assault and battery and did then and there strike, beat, bruise and wound the said Georgia Mae Brown, etc."

We refrain from stating the repulsive facts upon which the prosecution relies, but believe it sufficient to say that they amply sustain a conviction for an aggravated assault, unless it should be found necessary as a matter of law to prove that he did strike, or beat, or bruise, or wound the said Georgia Mae Brown. The complaint, it will be observed, would have been sufficient had these words been left out, including the word "and" following the word "battery," together with the entire phrase following it. The complaint further sets out that the appellant was an adult male person and that Georgia Mae Brown was a child. Had the allegation been that the battery was committed "by" striking, beating, bruising and wounding the alleged injured party, the question would be a more difficult one, but the allegations are complete without the use of these words and we think that under the authorities hereafter cited they may be considered mere surplusage. This ques-

tion was thoroughly considered in a concurring opinion by Judge Davidson in the case of Dent v. State, 65 S. W. 627, wherein he used the following language:

"This, being an unnecessary allegation, did not necessarily vitiate the indictment, and therefore could be rejected as surplusage. Such has been the rule in Texas from the beginning (Saddler v. Republic, Dall. Dig. 610), and for collation of authorities see White's Ann. Code Cr. Proc. Section 382. Where an indictment contains the necessary averments to constitute one offense, and also details facts necessary to, but not sufficient to, constitute another offense, such facts, with regard to the offense defectively alleged, will be treated as surplusage. Crow v. State, 41 Tex. 468; State v. Coffey, Id. 46; State v. Dorsett, 21 Tex. 656; State v. Smith, 24 Tex. 285; Henderson v. State, 2 Tex. App. 88; Pickett v. State, 10 Tex. App. 290; Holden v. State, 18 Tex. App. 91. Redundant allegations, and those which are in no manner necessary to a description of the offense, and which are not essential to constitute the offense, and which can be entirely omitted without affecting the charge against the accused, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded as part of the indictment."

Following the foregoing quotation the writer listed a great number of authorities to sustain his position. These, we find, have been frequently referred to in this and in other jurisdictions and are sustained by good reasoning, as well as a wide recognition by the courts. See, also, Branch's Tex. Cr. Law, Sec. 905; Goodwin v. State, 158 S. W. 274; Zweig v. State, 171 S. W. 747.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

We are in agreement with the statement in our original opinion herein that the phrase "and did then and there strike, beat, bruise and wound the said Georgia Mae Brown," can be treated as surplusage, and there still appears a good complaint and information. There remains a charge that William Cabness did commit an aggravated assault in and upon Georgia Mae Brown, * * * the said William Cabness being then and

there an adult male, and the said Georgia Mae Brown being then and there a child. We are of the opinion that such allegations contain the requisites for charging an assault, and where such assault is committed by an adult male upon the person of a child, the same becomes an aggravated assault. Art. 1147, Sec. 5, P. C.

We do not think the words "and did then and there strike, beat, bruise and wound," etc., are descriptive of the offense, and surely not necessarily so. Mr. Branch in his Penal Code, page 912, says:

"In alleging a simple assault it is not necessary to allege the particular acts of violence, nor need the means used be alleged. Browning v. State, 2 Tex. App. 47; Marshall v. State, 13 Tex. App. 492; Roberson v. State, 15 Tex. App. 317."

However it is necessary to allege, if desired to bring such an assault within the category of an aggravated one, the facts that place such assault within such category, which we find here done in the allegation that appellant was an adult male and the injured person a child.

We held in the early case of Mayo v. State, 7 Tex. 342, that:

"But allegations not essential to constitute the offense, and which might be entirely omitted without affecting the charge against the defendant, and without detriment to the indictment, are treated as mere surplusage, and may be entirely disregarded. United States v. Howard, 3 Summ. 12. And where an indictment contains matter unnecessary to a description of the offense, it may be rejected. The State v. Coppenburg, 2 Strobh. 273. Again, if eliminating surplusage, an indictment so avers the constituents of the offense as to apprise the defendant of the charge against him, and enable him to plead the judgment in bar of another prosecution, it is good in substance under our Code. Coleman v. State, 2 Texas Ct. App. 512; Burke v. State, 5 Texas Ct. App. 74."

It is also noted that it was said in the case of Webb v. State, 36 Tex. Cr. R. 43, that:

"The charge in the information, that 'J. W. Webb, an adult male, did then and there commit an aggravated assault and battery in and upon A. L. Webb, a female,' sufficiently charges an aggravated assault, and the further charge in the informa-

tion as to how said assault was committed, may be rejected as surplusage."

We do not think the phrase relative to the beating of this child is descriptive of the offense of the assault, but appears to be a further method of committing such an assault. It is not alleged that appellant committed such assault "by" beating, etc., such child, but merely adds such circumstances to the already complete act by using the conjunction "and," thus cumulating therein a further ground of assault.

We adhere to our ruling in the original opinion. The motion for a rehearing is overruled.

BEAUCHAMP, Judge (Concurring on motion for rehearing).

I am concurring in the opinion overruling the motion for rehearing in this case with a full realization of the importance of the question involved. It deals with fundamentals. One charged with crime is entitled to have the presentment made in written language definitely apprising him of the offense which he must defend. There is no difference of opinion among us as to the law, only that we have a different view of the construction to be given the language of the complaint involved.

Upon writing the original opinion I was thoroughly impressed, as therein stated, with the difficulty of the distinguishment to be made. In view of the difference of opinion which now appears, I have given even more careful consideration to the decisions of this court on the subject and am of the opinion that this court has consistently held to the view expressed in my original opinion. The reasoning of several opinions seem to be in accord with the text writers and I am slow to reach a conclusion which I believe to be at variance with them.

HAWKINS, Presiding Judge (dissenting).

Conviction is for aggravated assault, punishment assessed being one year in the county jail.

My brethern have reached the conclusion that the judgment of conviction should be affirmed, as is evidenced by the original opinion and the opinions on rehearing. Feeling that the principle involved is of grave importance, I think it proper to record the reasons why I cannot agree with them.

Omitting the formal parts, the complaint and information charged that "William Cabness in and upon Georgia Mae Brown did then and there unlawfully commit an aggravated assault and battery, and did then and there strike, beat, bruise and wound the said Georgia Mae Brown, the said William Cabness being then and there an adult male and the said Georgia Mae Brown being then and there a child."

It is not necessary to set out the repulsive facts upon which the State relies for a conviction. They do *not* show that appellant struck, beat, bruised or wounded Georgia Mae Brown. In view of this failure in the proof it is urged that the case as plead and as proven presents a variance which demands a reversal.

Under all of our authorities an assault may be charged without setting out the particular acts of violence constituting the assault, nor need the means used be alleged. It is unfortunate, perhaps, that the present pleading for the State did not thus charge the assault, and then allege the fact that appellant was an adult male and the injured party was a child. If the pleading had been as indicated aggravated assault would have been properly averred and the question of variance could not have arisen.

It has been suggested that because an assault is alleged in the complaint and information, and also the facts which render it aggravated, that the averments as to the means used may be regarded as surplusage. Such view appears to be supported in Webb v. State, 36 Tex. Cr. R. 41, 35 S. W. 380, in which it was said that the information having alleged that accused, an adult male, committed an aggravated assault upon a female, naming her, sufficiently charged an aggravated assault, and that "the further charge in the information as to how said assault was committed may be rejected as surplusage." Immediately following appears this statement. "However, there is nothing as it occurs to us, erroneous in having stated the means by which the alleged assault was committed, and there appears no variance in the proof." It will be noted that the court was passing on the validity of an information, and the expression that the averment of the means used might be regarded as "surplusage" was not necessary to a decision of the point before the court. It may be somewhat significant that the Webb case on the question of "surplusage" has never been cited in an assault case as supporting the proposition that an

averment as to the means used may be disregarded. The Webb case was decided in April, 1896. Just four months earlier the court had before it Kinnard v. State, 35 Tex. Cr. R. 276, 33 S. W. 234, another aggravated assault case, in which the information was attacked, and in which case the court said:

"The information, in proper terms, charged an aggravated assault, the alleged aggravation consisting in an assault by an adult male upon a child; and the allegation that it was committed with switches is a charge of the means used, and the only effect of this was to confine the state to the proof of the means so charged." Like the Webb case, the expression copied from the Kinnard opinion was not necessary to the decision of the question then before the court.

The general rule as to pleading should control, which is that if the offense is defined with unnecessary particularity it must be proven as alleged. The case of Berry v. State, 40 S. W. 984, perhaps furnishes an illustration of what may be regarded as surplusage in an information charging aggravated assault. The general rule as it applies to aggravated assault cases is stated in Branch's Ann. Tex. P. C., Sec. 1589, page 936, as follows:

"If the indictment, information, or complaint alleges the means by which the assault was committed, such allegation, whether necessary or unnecessary, being descriptive, must be substantially proven as alleged. Under an indictment charging murder, assault to murder, aggravated or simple assault, which alleges the means, a conviction will not be sustained even for simple assault unless the means alleged is substantially proven."

Many authorities are cited in support of the text, among them being Holliday v. State, 35 Tex. Cr. R. 133, 32 S. W. 538 and Simpson v. State, 48 Tex. Cr. R. 328, 87 S. W. 826.

The form of the complaint and information does not alter the question of variance nor permit ignoring the averment of the means used, as surplusage. The language means the same as though it was averred that appellant did strike, beat, bruise, and wound Georgia Mae Brown, she being a child, and appellant being an adult male.

Upon further consideration of the matter in view of appellant's motion for rehearing, I think the motion should be

granted, the opinion of affirmance should be withdrawn, and the judgment of conviction should be reversed and the cause remanded because of a failure to prove the assault as alleged. Therefore, I respectfully record my dissent to the conclusions of my brethern.