# JANUARY 23, 1946

CARL DAVIS v. THE STATE.

No. 23241. Delivered December 12, 1945.
Rehearing Denied (Without Written Opinion) January 23, 1946.

HAWKINS, Presiding Judge, dissenting.

The opinion states the case.

*Joe Burkett,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of an aggravated assault, and sentenced to serve four months in jail, hence this appeal.

The complaint and information charge that appellant "in and upon Darlene Dreyer did then and there unlawfully commit an aggravated assault and battery and did then and there strike, beat, bruise and wound the said Darlene Dreyer, the said Carl Davis being then and there an adult male and the said Darlene Dreyer being then and there a female," etc.

There are no bills of exceptions in the record. The testimony, heard before the judge without a jury, is brief and shows that appellant, a married man with grown children, was sitting in a picture show in the seat next to the complaining witness, a fourteen year old girl; that he was looking at her much of the

time out of the corner of his eye; that finally he placed his hand on her leg; his hand was cold; she moved away; that he pulled up her dress, and she got up and left. The manager of the theater testified he saw appellant place his hand on the girl's leg.

Appellant admitted touching the girl on the leg, and claimed such to have been an accident due to his nervousness; that he did not intend such as an offer of familiarity, and did not pull up her dress. These matters were settled by the verdict of the trial court.

Appellant offers the legal proposition that the proof does not correspond with the allegations in the pleadings in that it was nowhere shown that appellant struck, beat, bruised or wounded the girl in any way, although such was alleged in the complaint and information.

This matter has heretofore been before this court recently in the case of Cabness v. State, (142 Texas Crim. Rep. 367), 154 S. W. (2d) 460, in which a majority of the court held under very similar facts that the information had sufficiently charged an aggravated assault in alleging that an adult male committed an assault upon a female, and that the further phrase "and did strike, beat, bruise and wound" such female could be treated as surplusage, and the instrument would still charge an aggravated assault, being unlawful violence of an adult male upon a female. We think the authorities cited in Cabness v. State, supra, uphold the view taken as to this cause.

The judgment is accordingly affirmed.

HAWKINS, Presiding Judge (dissenting).

The legal question here presented is precisely the same which was before us in Cabness v. State, 142 Texas Crim. Rep., 367, 154 S. W. (2d) 460 in which I found myself in disagreement with my brethren and recorded my views in a dissenting opinion. It would avail nothing to reiterate them here, but for the same reasons expressed in said dissenting opinion I again dissent from the conclusions reached by my brethren in the present case.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge (Dissenting).

Rehearing overruled.

My brethren have overruled appellant's motion for rehearing without written opinion. From such action it is not to be understood that the view expressed in my dissenting opinion originally has been changed.