Joseph Dories MATTE, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 57438.

Court of Criminal Appeals of Texas,
Panel No. 3.

Oct. 25, 1978.

Joe B. Goodwin, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and William G. Ogletree, Asst. Dist. Atty., Beaumont, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

VOLLERS, Judge.

This is an appeal from a revocation of probation. On July 27, 1976 the appellant was convicted of aggravated assault with a deadly weapon and he was placed on probation for a period of ten years. One condition of probation was that appellant "commit no offense against the laws of Texas, or any other state, the United States or any other governmental entity." On April 25, 1977 a motion to revoke probation was filed alleging that the appellant had violated the terms of his probation:

(1) By committing the offense of knowingly making a false written statement to a licensed firearms dealer, an offense against the laws of the United States of America in that on or about the 11th day of March, 1977, in Groves, Jefferson County, Eastern Judicial District of Texas, Joseph Dories Matte, Jr., did in connection with the acquisition of a firearm, to wit: a Smith & Wesson, .38 caliber revolver, serial number R110101, from a licensed dealer, The Rifleman, Federal Firearms license # 5 74 123 01 M7 17182, 5160 Twin City Highway, Groves, Jefferson County, Texas, knowingly make a false written statement to licensed firearms dealer, intended and likely to deceive such dealer with respect to any fact material to the lawfulness of the sale of such firearm under the provisions of this chapter, in violation of U.S.C. Title 18, Section 922(a)(6).[1]

A hearing was held on the motion to revoke on May 11, 1977, after which the trial court revoked appellant's probation, reduced appellant's punishment to five years confinement and pronounced sentence.

The record reflects that at the beginning of the hearing on the motion to revoke probation, after the State had announced ready, the appellant made a motion to quash the motion to revoke because the motion did not properly apprise the appellant of the type of false statement that was made to the licensed firearm dealer nor did it identify the person to whom the statement was made. With the court's permission, this motion was treated as if it were filed prior to the beginning of the hearing.[2] The trial court overruled the motion to quash.

■ Appellant complains that the trial court erred in refusing to quash the motion to revoke probation because it did not name the person to whom the appellant was alleged to have made the false statement. The motion charges appellant with having made a false written statement to a *licensed firearm dealer*, named as "The Rifleman, Federal Firearms license # 5 74 123 01 M7 17182, 5160 Twin City Highway, Groves, Jefferson County, Texas." This allegation certainly is sufficient to apprise the appellant of the element of the federal offense he was alleged to have committed. Compare *United States v. White*, 451 F.2d 696, 697, n.1 (5th Cir. 1971).

A more serious matter is presented by the appellant's contention that the trial court erred in refusing to quash the motion to revoke probation because it failed to properly apprise the appellant of what false statement he was alleged to have made. The appellant relies on *Burleson v. State*, 429 S.W.2d 479 (Tex.Cr.App.1968) and *Crow v. State*, 49 Tex.Cr.R. 103, 90 S.W. 650 (1905). Both of these cases deal with perjury indictments. This Court has consistently held that a motion to revoke probation need not be as specific in its content as an indictment or information, *Tamez v. State*, 534

1. 18 U.S.C. Section 922 provides in relevant part:

    (a) It shall be unlawful—

        \*    \*    \*    \*    \*    \*

    (6) for any person in connection with the acquisition . . . of any firearm . . . from a . . . licensed dealer, . . . knowingly to make any false or fictitious oral

or written statement . . ., intended or likely to deceive such . . . dealer, . . with respect to any fact material to the lawfulness of the sale or other disposition of such firearm . . . under the provisions of this Chapter.

2. This Court will likewise treat the motion to quash as timely filed.

S.W.2d 686 (Tex.Cr.App.1976); *Campbell v. State*, 456 S.W.2d 918 (Tex.Cr.App.1970).

▮ While we do not believe that cases involving perjury indictments are comparable to the pleading necessities involved in a motion to revoke probation, we are concerned that the motion to revoke probation be sufficient, when a motion to quash is presented, to give the accused sufficient information so that he can properly defend against the charge made. As was previously noted, U.S.C. Title 18, Section 922(a), (b) prohibits the making of a false or fictitious statement in the acquisition of a firearm from a licensed dealer which is intended or likely to deceive such dealer with respect to any fact material to either the lawfulness of the sale or other disposition of such firearm. This has been interpreted to include the making of a false statement regarding commitment to a mental institution,[3] making a false statement regarding dishonorable discharge from the military,[4] and giving a false name and address and date of birth, even though the person making same was not a prohibited buyer.[5] Therefore, it is apparent that there is an extremely broad range of possible statements which could have been made by the appellant to the firearms dealer in violation of the federal statute in question, and the allegations in the motion to revoke certainly gave the appellant no notice of the nature of the statement to be relied upon in proving his violation of this statute.

In *Campbell v. State*, 456 S.W.2d 918 (Tex.Cr.App.1970) the appellant's probation was revoked upon a motion which alleged that he had failed "to avoid injurious or vicious habits." This Court held that such an allegation was insufficient to inform the appellant in that case how he had violated the condition of his probation that he avoid injurious or vicious habits. "The habit or habits was not spelled out nor was the appellant informed as to whether the habit or habits was injurious or vicious or both." 456 S.W.2d 918 at 921. This Court then went on to point out that such a general allegation failed to enable the appellant to prepare a defense and in the face of his timely exception denied him due process of law.

In *Garner v. State*, 545 S.W.2d 178 (Tex. Cr.App.1977) this Court was faced with the review of a revocation of probation upon a motion which alleged that "on or about December 16, 1974, the defendant committed the offense of theft in Harris County, Texas." This Court held that "the accused was entitled to have the motion to revoke set forth in clear language the violation of the order of probation relied on for revocation." 545 S.W.2d 178 at 179.

In light of these cases it appears that the conclusory allegation that appellant made a "false written statement to a licensed firearm dealer" was not sufficient, in the face of his timely exception, to give him sufficient notice for which he could prepare for the hearing on such motion. It did not inform him of the nature of the statement made so that he could properly prepare to prove that it was not false or to prove that it was not material. Appellant was denied due process in that he, as a result of overruling his exception to the motion to revoke probation, was denied the proper notice necessary to afford him the opportunity to defend against the charge.

The judgment revoking the probation is reversed and this cause is remanded to the trial court.

---

3.  *U. S. v. Seidenberg*, 420 F.Supp. 695 (D.Md. 1976).

4.  *U. S. v. Thomas*, 484 F.2d 909 (1st Cir. 1973), *cert. denied*, 414 U.S. 912, 94 S.Ct. 253, 38 L.Ed.2d 151.

5.  *U. S. v. Crandall*, 453 F.2d 1216 (1st Cir. 1972).