**Randy Keith PENDLEY, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–219–CR.**

Court of Appeals of Texas,
Fort Worth.

May 5, 1982.

Thomas W. Schueller and Barry Macha of Schueller & Macha, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., and Leonard E. Cox, Asst. Dist. Atty., Del Rio, for appellee.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This appeal is from an order revoking appellant's probation of his conviction of delivery of marihuana. V.A.C.C.P. art. 42.-12.

We affirm.

Appellant was convicted of delivery of marihuana on June 16, 1978.

Punishment was assessed at two years. Imposition of sentence was suspended and probation granted.

The State subsequently moved to revoke probation, alleging that the appellant violated the terms and condition of his probation by (1) appearing in a public place in Archer County, Texas, on or about March 1, 1979, under the influence of alcohol to the degree that he might endanger himself or others; (2) violated on or about April 13, 1979, in Wichita County, Texas, the special curfew being enforced after tornado damage to the city; (3) appeared in a public place in Wichita County, Texas, on or about August 7, 1979, under the influence of alcohol to the degree he might endanger himself or others; (4) was arrested in Wichita County, Texas, on or about April 7, 1979, for the offense of paint sniffing; (5) consuming alcoholic beverages in Archer County, Texas, on or about March 1, 1979; (6) consuming alcoholic beverages in Wichita County, Texas, on or about August 7, 1979; (7) failed to report to probation officer for months of February, April and May, 1980; (8) is currently $30.00 in arrears on probation service fees; and (9) is currently unemployed.

To the allegations, appellant pled "untrue".

At the revocation hearing September 5, 1980, the court found appellant had violated the terms of his probation.

On February 17, 1981, the court signed an order revoking appellant's probation and assessed confinement in Texas Department of Corrections for not less than two years nor more than two years.

Appellant complains that the court erred in sentencing him without having sufficient evidence to determine whether he had committed additional violations of his probation.

The only question presented on appeal from an order revoking probation is whether the trial court abused its discretion in revoking the appellant's probation. *Lloyd v. State*, 574 S.W.2d 159 (Tex.Cr.App. 1978).

Further, the evidence is to be viewed in the light most favorable to the trial court's findings. *Jones v. State*, 589 S.W.2d 419 (Tex.Cr.App.1979).

Appellant's first ground of error challenges the sufficiency of the evidence to support the trial court's finding that appellant was guilty of the offense of public intoxication as defined in V.T.C.A.Penal Code, sec. 42.08.

This section provides in pertinent part:

"(a) An individual commits an offense if he appears in a public place under the influence of alcohol or any other substance, to the degree that he may endanger himself or another ..."

The arresting officer testified that he was dispatched to investigate an automobile accident on Farm Market Road 1954, located in Archer County, Texas. His testimony continued:

"Q. [by the prosecutor]: Did you see this defendant at the scene of that accident?

"A. Yes, sir, I did.

"Q. What did you observe about the defendant out there at the accident scene?

"A. The defendant appeared to be intoxicated or under the influence of some sort of intoxicant. In the accident there was considerable damage to the vehicles. And I believe, as I recall, from refreshing my memory from the accident report and the case report, he had sustained a minor bump to the mouth, which resulted in a lip bleeding. There were some more serious injuries by the other occupants of the vehicle. They were more seriously injured than what he was.

"Q. What was it about the defendant in what he did or said that caused you to form the opinion that he was under the influence?

"A. There was a very strong odor of alcoholic beverages. The defendant seemed to be confused; he was unsteady on his feet; his eyes were, you know, had the appearance of red; they were glassy appearing; and his speech, you know, like I say, slurred; he wasn't alert.

. . . .

"Q. Based upon then your observations of the defendant'[s] physical appearance, the smell of alcohol, and his actions out there, you formed the opinion that he was under the influence?

"A. Definitely."

Officer Johnson then related that the appellant was identified as the operator of one of the vehicles involved in a major accident on Farm Road 1954.

The appellant admitted that he was a driver of one of the vehicles involved during his direct examination. His testimony continued:

"Q. [by defense attorney]: In regard to the accident that occurred in Archer County, in March of 1979, you were the operator of one of the vehicles involved in the accident, is that correct?

"A. Yes, ma'am.

"Q. Can you explain how the accident occurred?

"A. Yeah. I was driving down toward Lake Arrowhead and started to pass a car—

"Q. Passing on the left?

"A. Yeah, and I seen I couldn't make it, so I went to the side and spun around, and lost control of the car and spun back around and hit that car head on.

"Q. You are saying that you were trying to pass a car on the left?

"A. Yeah, and I pulled back over and got off to the side.

"Q. You pulled back into your lane?

"A. And got on the shoulder and hit that dirt and lost control and spun around and got back on the highway and then I went to the other side, and lost control of the car and come back out and hit the car in the middle of the lane ..."

There were also several beer bottles found in appellant's vehicle; some were empty, while others had not yet been opened. Appellant testified that he had been drinking.

"Q. [by defense attorney]: Was there beer in the car?

"A. Yes.

"Q. How much would you say?

"A. About a six pack.

"Q. For how many people?

"A. There was five, four or five, four, I think. Yeah, there was four people in the car.

"Q. And had you been drinking, Mr. Pendley?

"A. I had about two beers, one or two beers."

It is uncontroverted that appellant at the time of the accident was in a public place, as that term is defined in V.T.C.A.Penal Code, sec. 1.07(a)(29).

We find that the evidence is sufficient to show that appellant was under the influence of an alcoholic beverage. Further, the evidence relating to circumstances that appellant may have endangered himself or another was contained in his own testimony. *Bentley v. State*, 535 S.W.2d 651 (Tex.Cr.App.1976).

We need not at this time consider other alleged violations of appellant's condition of probation. Proof of any one of the alleged violations is sufficient to support the order revoking probation. *Moses v. State*, 590 S.W.2d 469 (Tex.Cr.App.1979).

No abuse of discretion is shown in the trial court's action in revoking appellant's probation.

The judgment is affirmed.