Adan SOLIS, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–083–CR.

Court of Appeals of Texas, Corpus Christi.

May 10, 1984.

Rehearing Denied May 31, 1984.

Discretionary Review Granted Oct. 31, 1984.

Joseph A. Connors, III, McAllen, for appellant.

Rene Guerra, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and SEERDEN, and UTTER, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from an order revoking probation. Appellant presents twenty-nine grounds of error, many of which will be combined for purposes of discussion.

Appellant was initially convicted on December 6, 1978, of the offense of attempted burglary of a building. Punishment was assessed at eight years confinement in the Texas Department of Corrections, but probated under the conditions set forth in the court's judgment.

Thereafter, on February 9, 1983, the present application to revoke probation was filed, alleging two violations of condition "a" of his probation, the condition that he committed no offense against the laws of this State, any other State or the United States.

The violations complained of are: (1) that the appellant was guilty of public intoxication on August 14, 1982; and (2) that he committed an assault upon Minerva Solis on November 27, 1982.

The hearing on the application to revoke was held on February 25, 1983, and appellant's probation was revoked.

■ In his first two grounds of error, appellant attacks the original conviction of attempted burglary by claiming there was no evidence to support such conviction. While the sufficiency of the evidence of the original offense cannot generally be reviewed on appeal from a revocation of probation, the original conviction can be collaterally attacked if it was supported by no evidence. *Willhoite v. State*, 642 S.W.2d 531 (Tex.App.—Houston [14th Dist.] 1982, no pet.); *Vaughn v. State*, 608 S.W.2d 237 (Tex.Crim.App.1980); *La Flore v. State*, 595 S.W.2d 862 (Tex.Crim.App.1980).

■ This is not a "no evidence" case. In addition, to the stipulation of evidence signed by the appellant, where he judicially confessed to all the elements of the offense, except that he attempted to enter the building "with the specific intent to commit the offense of burglary" which had been alleged in the indictment, the State introduced the statement of Officer Saenz, who stated that at the time of the offense he was parked in front of the police department in the next block from the location of the alleged offense, heard crashing glass and as he proceeded towards him, appellant began running in a northerly direction. This, as well as other parts of Officer Saenz's statement, is some evidence of attempted burglary. Since there was evidence that the attempt to enter the building was with the intent to commit burglary, and since there was no appeal from the original judgment, we cannot consider the sufficiency of the evidence at this time. *Wolfe v. State*, 560 S.W.2d 686 (Tex.Crim. App.1978).

■ In *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) it was held that due process requires that before a finding of guilt beyond a reasonable doubt can be sustained, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of facts could have found the essential elements of the crime beyond a reasonable doubt. The rule from *Jackson* is satisfied in our case because, while in Texas in a trial before the court, a plea of guilty standing alone will not authorize a conviction, it constitutes an admission of guilt by the defendant, all facts charged in the indictment are admitted and all nonjurisdictional defects, including claims of deprivation of federal constitutional due process are waived. *Hoskins v. State*, 425 S.W.2d 825 (Tex.Crim.App. 1968). Appellant's first two points of error are overruled.

■ Next, appellant claims that he was not properly admonished as required by TEX.CODE CRIM.PROC.ANN. art. 26.13 (Vernon Supp.1984), and that he has been denied due process because the court reporter has prevented him from obtaining a transcript on the underlying conviction. There is no merit to these contentions.

The judgment of the Court dated December 11, 1978, recites that "thereupon the defendant was admonished by the Court of the consequence of the said plea, and the defendant persisted in entering said plea; . . ."

TEX.CODE CRIM.PROC.ANN. art. 26.-13(c) (Vernon Supp.1984), provides that "in admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court."

Appellant has made no affirmative showing concerning the facts surrounding his admonishment. His appellate counsel attempted to obtain the notes of the court reporter concerning admonition but, as authorized by TEX.REV.CIV.STAT.ANN. art. 2324 (Vernon Supp.1984), the court reporter had destroyed the notes. Appellant

presents nothing for review and these grounds of error are overruled.

■ Next, appellant complains of the action of the trial court in failing to grant his motion for continuance. The only ground set out for requesting continuance was that Raul Solis, appellant's witness on the public intoxication issue, was not present. There was no showing as to what evidence, if any, would be elicited from the witness or when, if ever, he might be able to be present. The motion did not comply with the provisions of TEX.CODE CRIM.PROC. ANN. art. 29.06 (Vernon 1966). There was no error in overruling the motion.

■ Appellant, next complains that allegations in the application to revoke charging him with public intoxication were vague and failed to apprise him of the manner in which it would be shown that he was a danger to himself or others. A motion to revoke probation need not meet the particulars of an indictment, information, or complaint. *Mitchell v. State,* 608 S.W.2d 226 (Tex.Crim.App.1980); *Champion v. State,* 590 S.W.2d 495 (Tex.Crim.App.1979). When a motion to quash is presented, the movant is entitled to sufficient information so he can properly defend. *Mitchell,* 608 S.W.2d at 228, and *Matte v. State,* 572 S.W.2d 547 (Tex.Crim.App.1978).

■ The allegations in a motion to revoke probation must be sufficient to apprise probationer of the elements of the offense he is alleged to have committed. *Matte,* 572 S.W.2d at 548. The State alleged each of the elements of public intoxication under TEX.PENAL CODE ANN. Sec. 42.08 (Vernon 1974) in the motion to revoke, to wit:

> On or about the 14th day of August, 1982 in Hidalgo County, Texas, the Defendant herein, ADAN SOLIS, did then and there intentionally and knowingly appeared [sic] in a public place under the influence of alcohol to the degree that he might have endangered himself and another in violation of condition "a" of his probationary order;

Thus, sufficient information was provided in clear language of the alleged violation of his probation order.

In grounds of error nine through fifteen, appellant complains that he was not given adequate time to prepare his defense, not given 10 days preparation time from the time his lawyer was appointed until the hearing on the application to revoke and further that he was denied due process and effective assistance of counsel because the trial court appointed his lawyer at 9:00 a.m. in the morning and held the revocation hearing that same afternoon.

■ The right of a probationer to be represented by counsel at a revocation hearing is no longer open to question. See *Ruedas v. State,* 586 S.W.2d 520 (Tex.Crim. App.1979); *Hill v. State,* 480 S.W.2d 200 (Tex.Crim.App.1972). The *Hill* case held that the provisions of TEX.CODE CRIM. PROC.ANN. art. 26.04 (Vernon 1966), requiring 10 days preparation time, does not apply to probation revocation hearings. *See also, Jacobs v. State,* 500 S.W.2d 521 (Tex.Crim.App.1973).

It has been held that appointing counsel and holding the hearing the same day is not an abuse of discretion under appropriate circumstances. *Detrich v. State,* 545 S.W.2d 835 (Tex.Crim.App.1977).

■ The central question raised in these grounds by appellant is whether his attorney was able to and did give adequate representation at the revocation hearing. To decide this question, the totality of the representation must be examined. *Ex parte Prior,* 540 S.W.2d 723 (Tex.Crim. App.1976); *Williams v. State,* 513 S.W.2d 54 (Tex.Crim.App.1974).

■ In the instant case, appellant's only request for a continuance was based on the absence of an alleged witness as discussed above. There was never a request for additional time for preparation. In fact, appellant's counsel agreed to go forward on the charge of assault on the wife. A careful examination of the record shows that, in spite of the brief lapse of time between his appointment and the hear-

ing, counsel for appellant had a firm command of the facts involved. His cross-examination of the State's witnesses, as well as his direct examination of appellant, demonstrated an understanding of the issues and surrounding circumstances. The preparation and filing of the motion to quash and all of the conduct appellant's counsel satisfies us of his effectiveness. He seems to have followed, not only at the trial but also at the appellate level, that well known adage:

"When you have the facts, argue the facts; when you have the law—argue the law—if you have neither the facts or the law, pound on the table and recite the constitution".

Grounds of error nine through fifteen are overruled.

■ The claims that there was no evidence to support a finding that appellant was under the influence of alcohol to the degree that he might endanger himself or others have been considered and are also overruled.

■ The claim that the public intoxication charge was unconstitutionally vague and overbroad as applied to appellant is also overruled. *See Alexander v. State,* 630 S.W.2d 355 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

■ Next, appellant challenges the sufficiency of the evidence, relating to the second ground in the application to revoke where he is charged with causing bodily injury to his wife by striking her with his hands and fists. Appellant's wife testified that appellant "came home that night, and he started cussing me out, and started beating me up. He hit me with his arm, and with his hands, and he pulled my hair and started telling me stuff." The State's evidence showed an injury to her mouth plus bruises to her body.

Allegations of a violation of the conditions of probation are not required to be expressed in as precise terms as that alleged in an indictment; alleging a violation and providing fair notice will be sufficient. *Bradley v. State,* 608 S.W.2d 652 (Tex.

Crim.App.1980). In *Bradley,* the probationer admittedly used both a knife and a hammer in the offense of murder which was the violation of his probation. The State alleged that probationer violated his probation by committing an offense against the laws of the State by causing the victim's death with a hammer, when in fact the evidence showed the cause of death was by stabbing with the knife. The Court of Criminal Appeals affirmed that probation revocation. Here, appellant's wife testified that, at the least, appellant had beaten her with his hands. *See also, Alston v. State,* 170 Tex.Cr.R. 17, 338 S.W.2d 723 (1960). This ground of error is overruled.

■ In the last ground of error, appellant contends that there is a husband-wife privilege against a spouse testifying against the other spouse at a probation revocation hearing. TEX.CODE CRIM. PROC.ANN. art. 38.11 (Vernon 1979) provides the rule on husband-wife privilege in criminal actions:

The husband and wife may, in all criminal actions, be witnesses for each other, but except as hereinafter provided, they shall in no case testify against each other in a criminal prosecution. However, a wife or husband may voluntarily testify against each other in any case for an offense involving any grade of assault or violence committed by one against the other or against any child of either under 16 years of age, or in any case where either is charged with incest of a child of either, or in any case where either is charged with bigamy, or in any case where either is charged with interference with child custody, or in any case where either is charged with nonsupport of his or her spouse or minor child.

A "criminal action" is defined at TEX. CODE CRIM.PROC.ANN. art. 3.02 (Vernon 1977) in "Chapter 3—Definitions", as:

A criminal action is prosecuted in the name of the State of Texas against the accused, and is conducted by some person acting under the authority of the State, in accordance with its laws.

While a hearing on a motion to revoke is not a trial as that term is applied to criminal cases, *see Gist v. State*, 160 Tex.Cr.R. 169, 267 S.W.2d 835 (1954), we find that a "criminal action" includes a probation revocation hearing and, as such, a wife would be allowed to testify against her husband if he were charged with assaulting her, as in the present case. Appellant relies on *Munoz v. State*, 485 S.W.2d 782 (Tex.Crim. App.1972) and asserts that a revocation hearing is not a criminal trial. While he is correct, insofar as he goes, this proposition does not refute the fact that a revocation hearing is a criminal action. *See Battle v. State*, 571 S.W.2d 20 (Tex.Crim.App.1978).

Appellant cites *Young v. State*, 603 S.W.2d 851 (Tex.Crim.App.1980) and *Garcia v. State*, 573 S.W.2d 12 (Tex.Crim.App. 1978) as a basis for excluding the wife's testimony. These cases held that a wife 1) may voluntarily testify against her husband, and 2) however, the offense must fall within one of the exceptions of article 38.-11. In *Butler v. State*, 645 S.W.2d 820 (Tex.Crim.App.1983), the Court cited the language of article 38.11, whereby, in any case of an offense involving any grade of assault or violence committed by one against the other, the husband or wife may voluntarily testify against the other. The Court of Criminal Appeals read this to mean:

> As long as the case involves a violent or assaultive offense by one spouse against the other, nothing in Art. 38.11 prevents the testifying spouse from going into other noncommunicative events that are otherwise admissible.

■ In our case, appellant was charged in the application to revoke probation with causing bodily injury to his wife by striking her with his hands and fists. This would constitute an assault on his wife and, as such, is one of the exceptions to the husband-wife privilege under TEX.CODE CRIM.PROC.ANN. art. 38.11 (Vernon 1979). Furthermore, the record shows that her testimony was voluntarily given at the revocation hearing. Therefore, we hold that it was not an abuse of the trial court's discretion to allow appellant's wife to testify over appellant's objection of the assault. The twenty-ninth ground of error is overruled.

■ Proof of any one of the alleged violations is sufficient to support the order revoking probation. *Pendley v. State*, 632 S.W.2d 929 (Tex.App.—Fort Worth 1982, no pet.).

Finding no error, the judgment of the trial court is AFFIRMED.

## ON MOTION FOR REHEARING

In his First Motion for Rehearing, appellant complains that this Court failed to discuss or rule on several of his grounds for error. So that there will be no misunderstanding, this Court has carefully reviewed all of appellant's grounds of error, and finds them to be without merit and they are each hereby overruled.

Appellant's First Motion for Rehearing is overruled.