**Adan SOLIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 740–84.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 22, 1986.

Joseph A. Connors, III, McAllen, Jeff Blackburn, Amarillo, for appellant.

Rene Guerra, Dist. Atty. and Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

TOM G. DAVIS, Judge.

In 1978 appellant pled guilty to attempted burglary. The trial court assessed eight years' confinement, probated for eight years. In 1983 the trial court revoked appellant's probation and ordered punishment imposed. The Thirteenth Court of Appeals (Corpus Christi) affirmed, holding that the trial court's appointment of counsel on the morning of the revocation hearing did not deny appellant due process of law or effective assistance of counsel. *Solis v. State,* 673 S.W.2d 270 (Tex.App.—Corpus Christi, 1984). We granted appellant's petition for discretionary review to examine this holding.

The record reflects that the State filed a motion to revoke probation on February 9, 1983. The motion alleged that appellant had violated the terms and conditions of his probation in that, on August 14, 1982 he had committed the offense of public intoxication, and that on November 27, 1982, he had assaulted Minerva Solis by striking her with his hands and fists. At about 9:00 a.m. on February 25, 1983, the trial court appointed counsel to represent appellant at the revocation hearing. The trial court held the hearing late in the afternoon of the same day.

In reviewing appellant's claim of ineffective assistance due to the late appointment of counsel, the Court of Appeals wrote:

"The central question raised in these grounds by appellant is whether his attorney was able to and did give adequate representation at the revocation hearing. To decide this question, the totality of the representation must be examined. *Ex parte Prior,* 540 S.W.2d 723 (Tex.Cr. App.1976); *Williams v. State,* 513 S.W.2d 54 (Tex.Cr.App.1974).

"In the instant case, appellant's only request for a continuance was based on the absence of an alleged witness [to the public intoxication]. There was never a request for additional time for preparation. In fact, appellant's counsel agreed to go forward on the charge of assault on the wife. A careful examination of the record shows that, in spite of the brief lapse of time between his appointment and the hearing, counsel for appellant had a firm command of the facts involved. His cross-examination of the

State's witnesses, as well as his direct examination of appellant, demonstrated an understanding of the issues and surrounding circumstances. The preparation and filing of the motion to quash and all of the conduct [of] appellant's counsel satisfies us of his effectiveness."

In his petition for discretionary review, appellant states his reason for review as follows: "The Court of Appeals has decided an important question of state and federal constitutional law which has not been, but should be, settled by [this Court], namely, whether an indigent person is entitled to have probation revocation defense counsel appointed at least one full day prior to the hearing." Appellant does not claim that Article 26.04(b) entitles counsel appointed to a revocation proceeding ten days to prepare, nor does appellant urge that we overrule *Hill v. State*, 480 S.W.2d 200 (Tex.Cr.App.1971). Appellant's sole claim is that the United States and Texas Constitutions require a per se rule to the effect that appointment of counsel less than one full day before a revocation hearing deprives the probationer of effective assistance of counsel.

Appellant argues as follows:

"The Court of Appeals used an erroneous standard for effective assistance of counsel under the facts of this case. Being that the claim is based on late appointment of counsel, counsel's overall actual performance is not applicable. The proper standard to be used in a claim such as the one presented herein is not that in *Strickland v. Washington*, [466] U.S. [668], 104 S.Ct. 2052, [80] L.Ed.2d [674] (1984), but that of *Powell v. Alabama*, [287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932)], as recently indicated in *United States v. Cronic*, [466] U.S. [648], 104 S.Ct. 2039, [80] L.Ed.2d [657] (1984)."

Appellant claims that under the United States and Texas Constitutions "an indigent person is entitled to have probation revocation defense counsel appointed at least one full day prior to the hearing."

Thus appellant does not make an "actual ineffectiveness" claim. He claims instead that the appointment of counsel on the day of the revocation hearing is a kind of state interference with counsel's assistance which is legally presumed to result in prejudice. Appellant is therefore claiming that the instant case exhibits:

"circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified.... "Circumstances of that magnitude may be present on some occasions when although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), was such a case."

*United States v. Cronic*, supra.

In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the Court considered the question of whether an indigent probationer or parolee has a due process right to be represented by appointed counsel at a revocation hearing. The Court rejected the argument that the Constitution requires appointment of counsel in every case. The Court wrote:

"We think, rather, that the decision as to the need for counsel must be made on a case-by-case basis in the exercise of a sound discretion by the state authority charged with the responsibility for administering the probation and parole system. Although the presence and participation of counsel will probably be both undesirable and constitutionally unnecessary in most revocation hearings, there will remain certain cases in which fundamental fairness—the touchstone of due process—will require that the State provide at its expense counsel for indigent probationers or parolees."

Because the Supreme Court has rejected an inflexible rule that a probationer must always have the assistance of counsel at a revocation hearing, we reject appellant's contention that due process always requires appointment of counsel at

least one full day before the hearing. Whether the timeliness of a particular appointment was sufficient to guarantee the probationer his due process rights at the hearing must be decided on the facts of the individual case.

In *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967), the Court held that the Sixth Amendment guarantees the assistance of counsel at a probation revocation proceeding in which the trial court makes its sentencing decision, and in which certain legal rights (e.g., withdrawal of a guilty plea) can be lost if not raised at that point. Even in the Sixth Amendment context, however, the Court has refused "to fashion a *per se* rule requiring reversal of every conviction following tardy appointment of counsel." *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

In *United States v. Cronic,* supra, the Court noted:

"The fact that the accused can attribute a deficiency in his representation to a source external to trial counsel does not make it any more or less likely that he received the type of trial envisioned by the Sixth Amendment, nor does it justify reversal of his conviction absent an actual effect on the trial process or the likelihood of such an effect. [citation omitted] That is made clear by *Chambers* and *Avery* [v. Alabama, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed.2d 377 (1940)]. Both cases involved 'external constraints' on counsel in the form of court-imposed limitations on the length of pretrial preparation, yet in neither did the Court presume that the 'constraint' had an effect on the fairness of the trial. In fact, only last Term we made it clear that with respect to a trial court's refusal to grant the defense additional time to prepare for trial, an 'external constraint' on counsel, great deference must be shown to trial courts, because of the scheduling problems they face. See *Morris v. Slappy,* 461 U.S. [1], [11], 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983)."

 Finally, the instant case bears little resemblance to *Powell v. Alabama.* We do not find that the circumstances of the instant case—appointment of counsel on short notice to a probation revocation—justify a presumption of ineffectiveness and dispense with the need to inquire into counsel's actual performance.

We find no authority under the United States Constitution for a rule presuming ineffective assistance of counsel when counsel is appointed to represent a probationer at a revocation hearing less than one full day before the hearing takes place.

We find no authority for such a rule under the Texas Constitution.

The judgment of the Court of Appeals is affirmed.

CLINTON, TEAGUE and CAMPBELL, JJ., concur in result.