TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00423-CR







Raymond Moreno, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 105,124, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM



 This is an appeal from an order revoking probation. Appellant was placed on
probation following a conviction for indecency with a child. The punishment is imprisonment for
ten years.

 In his first point of error, appellant contends the motion to revoke probation did
not give him adequate notice of the allegations against him. The State urges, and we agree, that
this contention was not preserved for review. The motion to revoke was filed on October 4,
1993, and appellant was served the following day. No motion to quash or exception to the motion
to revoke was filed. Following numerous resettings, the revocation hearing began on May 2,
1994. After the State announced ready, appellant stated that he was not ready "[b]ecause the
motion, your Honor, is so general that it is hard for the defendant to prepare a defense." After appellant detailed his complaints regarding the motion to revoke, the court ruled,
"We are proceeding to the extent that whatever that is, it is overruled, denied."

 During the seven months preceding the hearing, appellant did not file a motion to
quash or other request for information regarding the accusations contained in the motion to revoke
probation. At the hearing, appellant sought no specific relief and merely announced not ready. 
Even if this be considered a motion to quash, appellant did not seek or obtain leave of the district
court to present it after the hearing began and the State announced ready. See Matte v. State, 572
S.W.2d 547, 548 (Tex. Crim. App. 1978). Under the circumstances, appellant did not present
his complaints to the district court in a timely fashion. Tex. R. App. P. 52(a). Point of error one
is overruled.

 The district found that appellant violated the conditions of probation in four
respects: (1) he changed his place of residence without permission from his probation officer, (2)
he failed to pay his supervision fees, (3) he failed to submit a urine specimen as directed, and (4)
he failed to actively participate in sex offender therapy. In point of error two, appellant contends
that the conditions of probation requiring him to give urine specimens and to participate in sex
offender therapy were vague and unenforceable. In points of error three and four, appellant
contends the State failed to prove the second, third, and fourth violations listed above. We need
not address these contentions because appellant does not challenge the finding that he changed his
place of residence without permission. An order revoking probation will be sustained if it is
supported by one sufficient ground. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
1980). Points of error two, three, and four are overruled.

 The order revoking probation is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: December 13, 1995

Do Not Publish



WordPerfect 9">




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00423-CR







Raymond Moreno, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 105,124, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







PER CURIAM



 This is an appeal from an order revoking probation. Appellant was placed on
probation following a conviction for indecency with a child. The punishment is imprisonment for
ten years.

 In his first point of error, appellant contends the motion to revoke probation did
not give him adequate notice of the allegations against him. The State urges, and we agree, that
this contention was not preserved for review. The motion to revoke was filed on October 4,
1993, and appellant was served the following day. No motion to quash or exception to the motion
to revoke was filed. Following numerous resettings, the revocation hearing began on May 2,
1994. After the State announced ready, appellant stated that he was not ready "[b]ecause the
motion, your Honor, is so general that it is hard for the defendant to prepare a defense." After appellant detailed his complaints regarding the motion to revoke, the court ruled,
"We are proceeding to the extent that whatever that is, it is overruled, denied."

 During the seven months preceding the hearing, appellant did not file a motion to
quash or other request for information regarding the accusations contained in the motion to revoke
probation. At the hearing, appellant sought no specific relief and merely announced not ready. 
Even if this be considered a motion to quash, appellant did not seek or obtain leave of the district
court to present it after the hearing began and the State announced ready. See Matte v. State, 572
S.W.2d 547, 548 (Tex. Crim. App. 1978). Under the circumstances, appellant did not present
his complaints to the district court in a timely fashion. Tex. R. App. P. 52(a). Point of error one
is overruled.

 The district found that appellant violated the conditions of probation in four
respects: (1) he changed his place of residence without permission from his probation officer, (2)
he failed to pay his supervision fees, (3) he failed to submit a urine specimen as directed, and (4)
he failed to actively participate in sex offender therapy. In point of error two, appellant contends
that the conditions of probation requiring him to give urine specimens and to participate in sex
offender therapy were vague and unenforceable. In points of error three and four, appellant
contends the State failed to prove the second, third, and fourth violations listed above. We need
not address these contentions because appellant does not challenge the finding that he changed his
place of residence without permission. An order revoking probation will be sustained if it is
supported by one sufficient ground. Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App.
1980). Points of error two, three, and four are overruled.

 The order revoking probation is affirmed.


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: December 13, 1995