**In re Jim GAWERC, Relator.**

No. 04–1044.

Supreme Court of Texas.

May 27, 2005.

Shawn Casey, Law Office for Shawn Casey, Houston, for Relator.

Jim Gawerc, Houston, pro se.

Glenn A. Lilly, Houston, for Real Party.

Ingrid Philipson, Houston, pro se.

Tommy Thomas, Houston, pro se.

PER CURIAM.

In this original habeas corpus proceeding, petitioner Jim Gawerc contends his civil contempt imprisonment is illegal because he is unable to post the $50,000 child support bond required for his release. Because Gawerc conclusively established his inability to comply, we order his release.

The trial court held Gawerc in criminal and civil contempt for failing to comply with the trial court's child support modification order that required Gawerc to pay $750 in child support and post a $50,000 child support bond.[1] The trial court then ordered Gawerc to pay $2,400 in attorney's fees and suspended the civil and criminal contempt sentences. When Gawerc failed to comply with the commitment suspension order, the trial court revoked the suspensions and ordered him to jail for both criminal and civil contempt. Gawerc served his criminal contempt sentence and paid the $750 back child support. He also tendered a check to opposing counsel for the $2,400 in attorney's fees; therefore, the only remaining condition for his release is the $50,000 bond. The court of

---

1. Gawerc challenged the validity of the bond requirement in a prior court of appeals proceeding, In re Gawerc, 01–03–00809–CV, 2004 WL 98591 (Tex.App.-Houston [1st Dist.] Jan. 21, 2004, orig. proceeding), and in a habeas petition which this Court denied, In re Gawerc, 04–0786 (Tex. Sept. 3, 2004, order). Gawerc has not raised the issue again in this case nor has he challenged whether the bond requirement is enforceable by contempt.

appeals denied Gawerc's petition for habeas corpus relief,[2] and Gawerc remained in jail under the civil contempt order until this Court released him on bond pending consideration of the habeas corpus petition.

■ Texas law is clear that a petitioner may not be confined for civil contempt unless he or she has the ability but refuses to perform the conditions for release. *Ex parte Rojo*, 925 S.W.2d 654, 655 (Tex. 1996); *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex.1967). "We treat the contempt order as void if the evidence offered at the hearing conclusively establishes that at the time of the contempt hearing relator did not have, and had no source from which he might be expected to obtain [the money required to purge himself of contempt]." *Rohleder*, 424 S.W.2d at 892.

■ At the trial court's *de novo* commitment hearing, Gawerc conclusively established the following: (1) the bond must be one hundred percent collateralized by cash or a bank line of credit; (2) his only source of income is from his private law practice; (3) he has no contingent fee cases, no accounts receivable, and no ability to generate income from jail; (4) he has access to approximately $500 cash and his other assets are encumbered by a federal tax lien in excess of $3.9 million; and (5) he knows of *no other source from which he can* borrow the $50,000 necessary to secure the bond. Gawerc's mother, who had offered to post the $50,000 at an earlier date, is no longer willing to loan him the money. Although opposing counsel questioned Gawerc at length about alleged suspicious transfers of real estate prior to the date of the first contempt order, counsel did not offer any evidence that the transfers were fraudulent, that Gawerc still possesses any proceeds from the sales, or that the value of any assets Gawerc presently owns or has access to exceeds the federal tax lien. Nothing in the evidence suggests Gawerc had the ability to post the child support bond at the time of the trial court's commitment hearing. *See Rojo*, 925 S.W.2d at 656 (prior ability to pay may be relevant to a criminal contempt sanction but not to whether the contemnor had the ability to purge himself of civil contempt). Based on the uncontroverted evidence, Gawerc conclusively proved that at the time of the commitment hearing, he did not have the ability to purge himself of civil contempt.

Accordingly, without hearing oral argument, Tex.R.App. P. 52.8(c), we grant Jim Gawerc's petition for writ of habeas corpus and order him discharged from custody.

**2.** *In re Gawerc*, 01–04–01179–CV, 2004 WL 2611498 (Tex.App.-Houston [1st Dist.] Nov. 18, 2004, orig. proceeding).