Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed
August 21, 2006








 

Petition
for Writ of Habeas Corpus Granted and Memorandum Opinion filed August 21, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-06-00590-CV

____________

 

IN RE DWIGHT D. BAKER, Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 



 

M E M O R
A N D U M  O P I N I O N

In this
original proceeding, relator Dwight D. Baker seeks relief from the trial court=s order revoking the suspension of
his sentence for contempt and committing him to jail for failing to pay child
support.  For the reasons addressed below, we grant the writ of habeas corpus. 


Background








Relator
and Sherry Lynn Baker have two children.  After their divorce, the parties
entered into an agreed order (the Acontempt order@), which the trial court signed on
March 29, 2005, pursuant to Sherry=s first amended motion for
enforcement.  In the order, relator was found in contempt for violating
temporary orders, dated July 22, 2004, by failing to make child support
payments of $750 on July 15, 2004, August 1, 2004, and each month thereafter,
through February 1, 2005.[1]  The total
arrearage stated in the contempt order was $10,500.  Relator was sentenced to
thirty days in jail for each violation listed, to be served concurrently, and
assessed a civil contempt sentence, in which he was ordered to pay the $10,500
child support arrearage in accordance with scheduled payments, and ordered to
pay attorney=s fees.[2]  Relator=s commitment was suspended on the
condition he pay the $10,500 arrearage as scheduled and pay $1500 in attorney=s fees.  Relator was ordered to
appear for compliance hearings on April 15, 2005, August 2, 2005, and December
16, 2005.  

A
hearing was held on November 14, 2005 to determine relator=s compliance with the contempt order
and was continued to November 28, at which time the court also heard relator=s motion to modify child support and
access and possession.  During the November 28, 2005 hearing, the trial judge
rendered an oral ruling, finding relator in contempt for failing to comply with
the contempt order and revoking relator=s suspension of commitment.  The
motion to modify, however, was not disposed of at that time and the proceedings
were continued, eventually resuming on March 9, 2006.[3] 
Ultimately, the trial court signed an order on March 28, 2006, revoking relator=s suspension and committing him to
jail (the Arevocation order@).  








In the
revocation order, the trial court found, in part, that relator failed to (1)
comply with the March 29, 2005 contempt order by failing to pay child support
arrearages; (2) make additional child support payments, from February 15, 2005
through March 15, 2006; and (3) make medical reimbursement payments for March 1,
2005 through March 1, 2006.  The trial court found that the total arrearage for
child support and health reimbursement payments was $25,800.  Relator was
ordered confined in the Harris County jail for thirty days Aas ordered by the order suspending
commitment,@ and sentenced to continued confinement until the  total arrearage due,
$25,800, was paid.  On May 1, 2006 relator was taken into custody, but was
released on May 2.  On June 21, 2006, the trial court rendered an oral order
that relator be confined pursuant to the March 28 revocation order.  Relator
was taken into custody and remained confined from June 22 to July 26, 2006,
when this court ordered relator released on bond.  

Standard of Review

An
original habeas corpus proceeding is a collateral attack on a contempt
judgment.  In re Broussard, 112 S.W.3d 827, 831 (Tex. App.CHouston [14th Dist.] 2003, orig.
proceeding).  The purpose of a writ of habeas corpus is not to determine the
guilt or innocence of the contemnor, but only to determine whether he was
afforded due process of law or the order of contempt is void.  Id.  To grant
relator the requested relief, we must find that the trial court=s order directing relator=s incarceration is void, either
because it is beyond the court=s power to issue or because it deprives relator of his
liberty without due process of law.  In re Henry, 154 S.W.3d 594, 596
(Tex. 2005); In re Broussard, 112 S.W.3d at 831.

Discussion








In its
revocation order, the trial court found that relator failed to make child
support payments from February 15, 2005 through March 15, 2006, however, the
contempt order underlying the revocation order expressly pertained to child
support payments through February 1, 2005.  There is nothing in the record to
show that relator was ever found to be in contempt for failing to make the
latter child support payments, which were ordered pursuant to the amended final
order nunc pro tunc, nor is there a motion for enforcement of the latter child support
payments.  It is well‑settled that due process requires a written
judgment of contempt and a written commitment order to imprison a person for
constructive contempt of court.  Ex parte Shaklee, 939 S.W.2d 144, 145
(Tex. 1997); Ex parte Barnett, 600 S.W.2d 252, 256 (Tex. 1980); see
also Tex. Fam. Code Ann. ' 157.166 (Vernon 2002) (stating
requirements of enforcement order).  Because no written judgment or order of
contempt exists regarding the latter child support payments contained in the
revocation order, there is no order on which commitment can be predicated as to
those payments.  See Ex parte Barnett, 600 S.W.2d at 256 (stating that
the judgment or order of contempt must conform to the grounds set forth in the notice
given relator to show cause why he should not be held in contempt).  AThe commitment order, standing alone
and without a concomitant judgment or order finding relator in contempt, is not
enough.@  Id.  Further, because the
lump sum payment of $25,800 assessed in the civil contempt portion of the
revocation order includes the latter child support payments, but suspension of
contempt was conditioned on payment of the $10,500 arrearage, the term of
continued commitment under the revocation order impermissibly imposes a greater
sentence than was imposed in the contempt order.  See Ex parte Swate,
922 S.W.2d 122, 124 (Tex. 1996) (concluding that the commitment order which
imposed a greater punishment than contained in the contempt order enhanced
punishment without notice and violated due process rights); Ex parte Davila,
718 S.W.2d 282 (Tex. 1986) (stating that civil contempt sentence requiring
payment of a lump sum that includes amounts that are not a basis for contempt
taints the entire judgment).  Thus, the revocation order is void.  Ex parte
Swate, 922 S.W.2d at 125B26; see also In re Smith, 981 S.W.2d 909, 911 (Tex.
App.CHouston [1st Dist.] 1998, orig.
proceeding) (holding that due process rights are violated when the trial court
goes beyond relief requested). 








Relator
also argues that the contempt and revocation orders are void because there is
no evidence in the record that he can purge himself of the civil contempt, and
he established conclusively that he is unable to pay the lump sum.  ATexas law is clear that a petitioner
may not be confined for civil contempt unless he or she has the ability but
refuses to perform the conditions for release.@  In re Gawerc, 165 S.W.3d
314, 315 (Tex. 2005).  A relator seeking to avoid confinement for civil
contempt must demonstrate his inability to comply with payment as ordered at
the time of the contempt hearing.  Ex parte Rohleder, 424 S.W.2d 891,
892 (Tex. 1967).  During the November 28, 2005 hearing, relator testified that
he was living with his mother and father, borrowing money to pay for gas and
his bills, and had been doing so for eighteen months.  He stated he had some
property that was used as collateral for one of the loans, and that his friends
and family would no longer loan him money.  Relator attached an affidavit to
his habeas corpus petition stating he was unemployed before and after the
November 28 hearing, and that he does not have the ability to pay the $25,800. 
Because there was no contempt hearing concerning the latter child support
payments ordered, there is no other evidence concerning relator=s ability to pay the $25,800, further
showing the invalidity of the revocation order.  

Conclusion 

Because the revocation of relator=s suspension of commitment was based, in part, on
conduct that had not been found to be contemptuous, and the civil contempt
sentence contains a lump sum payment exceeding that which was in the contempt
order, the revocation order is void.  Accordingly, we grant relator=s petition for writ of habeas corpus.   We order
relator released from the bond set by this court on July 26, 2006, and order
relator discharged from custody.  

 

 

PER CURIAM           

 

Petition
Granted and Memorandum Opinion filed August 21, 2006.

Panel
consists of Justices Anderson, Edelman and Frost.  









[1]On February 11, 2005, the trial court signed an
amended final order nunc pro tunc, which stated, in part, that past due child
support issues survived the final order. 





[2]Relator was also ordered to continue paying Sherry
Lynn Baker for health insurance reimbursements as set forth in the amended
final order nunc pro tunc.  Regarding child support payments, however, it was
merely noted in the contempt order that the ordered scheduled arrearage
payments were Ain addition to@
the child support payments set forth in the amended final order.  





[3]Relator was unable to appear on March 9, and was
ordered to appear the following week.