Petition for Writ of Habeas Corpus Granted and Memorandum Opinion filed
June June 7, 2007








Petition
for Writ of Habeas Corpus Granted and Memorandum Opinion filed June June 7,
2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO.  14-07-00346-CV

____________

 

IN RE JAMES STEVEN BROWNHILL, Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF HABEAS CORPUS

 



 

M E M O R A N D U M  O P I N I O N

Relator James Steven Brownhill filed
a petition for a writ of habeas corpus, seeking relief from the trial court=s order revoking the suspension of
his commitment for contempt for failing to pay child support.  On April 25,
2007, we ordered relator released from custody, subject to bond, pending a
final determination of this cause.  Because we conclude that relator is
entitled to relief, we grant his petition for writ of habeas corpus, vacate the
trial court=s commitment order, order relator released from the bond set by this
court on April 25, 2007, and order him discharged from custody.

 

 








                                                                   Background

Relator and real party in interest
Rae Lynn Brownhill Heaton were divorced in 1991.  In the divorce decree,
relator was ordered to pay $400 per month in child support.  Rae Lynn
subsequently sought to enforce the child support order and, on March 27, 2006,
an agreed enforcement order (the Aagreed order@) was entered.  The agreed order: (1)
awarded Rae Lynn a judgment of $41,800 in child support arrearage; (2)
sentenced relator to ten days confinement in the Harris County jail and ordered
that he remain confined until he paid the $41,800 judgment and attorney=s fees; and (3) suspended relator=s commitment contingent, in part, on
his compliance with the payment schedule set forth.

The trial court signed another
contempt and commitment order on February 12, 2007 (the AFebruary order@), which: (1) assessed an additional
child support arrearage for violations occurring from March 23, 2006 through
February 12, 2007; (2) found relator had the ability to pay; (3) awarded Rae
Lynn a cumulative child support judgment of $39,200; (4) revoked the suspension
of relator=s commitment to jail in the agreed order; and (5) ordered that relator
remain confined until the $39,200 arrearage and attorney=s fees, was paid.[1]

On April 16, 2007, at the conclusion
of a compliance hearing, the trial court signed an order (the AApril order@) which again revoked relator=s suspension of commitment in the
agreed order, found that relator failed to pay the arrearages assessed in the
February order, and ordered relator committed to the county jail for four days
and to remain thereafter, until the $39,200 child support arrearage and
attorney=s fees were paid.  Relator challenges
the April order in this original proceeding. 

                                                            Standard
of Review








A commitment order is subject to
collateral attack in a habeas corpus proceeding.  In re Henry, 154
S.W.3d 594, 596 (Tex. 2005) (orig. proceeding).  A writ of habeas corpus will
issue if the trial court=s contempt order is void because relator has not been
afforded due process.  Id.  Confinement without a valid commitment order
is a violation of due process rights.  See Ex parte Swate, 922 S.W.2d
122, 124 (Tex. 1996) (orig. proceeding); Ex parte Wilson, 797 S.W.2d 6,
7 (Tex. 1990) (orig. proceeding).  In reviewing a contempt order, we take into
consideration the entire record to determine whether due process has been
accorded to the relator.  Ex parte Cardwell, 416 S.W.2d 382, 384 (Tex.
1967) (orig. proceeding).

Due Process

In his petition, relator argues that
his due process rights were violated because the trial court failed to allow
him to present an inability-to-pay defense.

A person cannot be incarcerated
indefinitely for contempt if he or she does not have the ability to perform the
condition required for release.[2]  An obligor
may assert inability-to-pay as an affirmative defense to Athe violation of a condition of
community service requiring payment of child support.@  Tex. Fam. Code Ann. ' 157.008(c) (Vernon 2002).   

The transcript from the April 16
compliance hearing shows the trial judge would not allow relator to present his
defense, stating it was Airrelevant.@  However, relator was permitted to make an offer of proof
and testified that: (1) he had a stroke after entering into the agreed order;
(2) he is living with his father-in-law and has no current income; (3) his
father-in-law is currently supporting relator=s family; (4) relator is unable to
practice law; (5) he has tried to borrow the money, but cannot; (6) he has no
assets that he can liquidate to obtain the money; (7)  he has no legal way to
obtain the money to pay the child support arrearage; and (8) if he is sent to
jail, he has no way to raise the money and would essentially remain confined Aforever.@  See Tex. Fam. Code Ann. ' 157.008(c).








The effect of denying a writ of
habeas corpus when the relator cannot purge himself of the contempt is to
authorize the trial court to confine the relator for the balance of his natural
life.[3]  By failing
to allow relator the opportunity to present an inability-to-pay defense, the
trial court denied relator this due process right.

It is not apparent from the record
why the trial court concluded the defense was irrelevant.  Nor is it apparent
from the April order.  If the trial court relied on its finding that relator
had the ability to pay in the February order, the April order specifically
cites to the agreed order as the underlying contempt order, not the February
order.[4]  Further, the
April order standing alone does not contain all the elements of a judgment or
order of contempt and, even if it did, due process would require relator be
permitted to present his defense.[5]

In short, under the circumstances of
this case, relator should have been allowed an opportunity to present his
inability-to-pay defense.  The trial court=s refusal to permit relator to put on
evidence of the defense was a violation of relator=s due process rights.  Because this
issue is dispositive of relator=s petition, we need not address his other grounds. 

                                                                              








Conclusion

We conclude that by refusing to allow
relator to present evidence of an inability-to-pay defense, the trial court
violated relator=s due process rights; therefore, we hold that relator=s confinement pursuant to the April
16 commitment order is void.  Accordingly, we grant relator=s petition for writ of habeas corpus,
vacate the April 16 order in its entirety, order relator released from the bond
set by this court on April 25, 2007, and order relator discharged from custody.[6]

 

 

/s/        Richard H. Edelman

Justice

 

Petition Granted and Memorandum
Opinion filed June 7, 2007.

Panel consists of Justices Yates,
Edelman, and Seymore.









[1]           Relator
was taken into custody on February 12, but he was ordered released the
following day.  The reason for relator=s
release is not indicated in our record.  





[2]           See
In re Gawerc, 165 S.W.3d 314, 315
(Tex. 2005) (orig. proceeding); Ex parte Rojo, 925 S.W.2d 654, 655 (Tex.
1996) (orig. proceeding); Ex parte Chambers, 898 S.W.2d 257, 261 (Tex.
1995) (orig. proceeding) (noting that involuntary inability to comply with an
order is a valid defense to criminal contempt).





[3]           See
Ex parte Rojo, 925 S.W.2d at 656.  An
opportunity to defend against contempt charges is an important due process
right belonging to a constructive contemnor.  In re Rowe, 113 S.W.3d
749, 752 (Tex. App.CAustin 2003, orig. proceeding) (stating that an
opportunity to defend against charges is Aan
alleged contemnor=s most fundamental due process right@); see Ex parte Gordon, 584 S.W.2d 686, 688
(Tex. 1979) (orig. proceeding) (noting that constructive contemnor must be
given opportunity to meet the charges of contempt by defense or explanation).





[4]           At
the conclusion of the compliance hearing, the trial judge found relator was Anot in compliance,@
but did not specify which contempt order was violated.





[5]           See
Ex parte Swate, 922 S.W.2d at 124; Ex
parte Price, 741 S.W.2d 366, 367 (Tex. 1987) (orig. proceeding) (stating
that commitment order must inform the contemnor in Aclear, specific and unambiguous words@ how to gain release from contempt); Ex parte
Rohleder, 424 S.W.2d 891, 892B93
(Tex. 1967) (concluding that continuing imprisonment without the ability to
bring about one=s own release is imprisonment beyond the powers of the
trial court); see also In re Gawerc, 165 S.W.3d at 315 (finding evidence
presented at time of commitment established relator could not purge himself of
the civil contempt); Ex parte Delcourt, 888 S.W.2d 811, 812 (Tex. 1994)
(rejecting argument that subsequent additional contempt judgments and
commitments may be freely signed weeks later).





[6]           This
does not affect the agreed order or the February order or otherwise exonerate
relator from his obligation to pay the child support arrearage.