

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00348-CV

_____

## IN RE KRISTINA SHEA COOK, PETITIONER

Original Proceeding Arising from the 72nd District Court
Lubbock County, Texas
Trial Court No. 2018-530,278
Honorable Mackey Hancock, Senior Judge, Presiding by Assignment

October 30, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

This petition for writ of habeas corpus arises out of a contempt proceeding wherein Petitioner, Kristina Shea Cook, was confined for failing to obey a court order requiring her to place into the registry of the court the sum of $27,000 cash, "before the close of business on [August 9, 2018]." It is undisputed that the trial court entered a clear and specific order requiring Petitioner to make that deposit by the time and at the place specified, that she had the financial means of complying with that order, and that she did

not comply with that order. It is also undisputed that Petitioner had notice of that order and received adequate due process notice of the trial court's intent to enforce that order by contempt. In fact, Petitioner was present and represented by counsel at the hearing on the *Motion for Contempt* filed by Darin Michael Benton. What is disputed is whether the trial court erred by ordering Petitioner's incarceration without entering a written judgment of contempt and order of commitment. Because we find Petitioner was being unlawfully detained, we make permanent our previous order[1] granting her request for emergency temporary relief.

APPLICABLE LAW

An original habeas corpus proceeding is an extraordinary remedy that is an available and appropriate means to collaterally attack a judgment of contempt or order of commitment whenever a person is being illegally or unlawfully restrained or deprived of her liberty and there is no other adequate remedy at law. *Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967). It is well-settled that in order to satisfy due process requirements, both a judgment of contempt and an order of commitment are necessary to imprison a person for civil constructive contempt of court. *Ex parte Barnett*, 600 S.W.2d 252, 256 (Tex. 1980) (orig. proceeding) (citing *Ex parte Puckitt*, 322 S.W.2d 597 (Tex. 1959)). An oral judgment of contempt or order of commitment is insufficient. *Id.* A trial judge may orally command that a party be detained by the sheriff for a "short and reasonable" time while the judgment of contempt and order of commitment are being prepared. *Ex parte*

---

[1] *See In re Kristina Shea Cook,* No. 07-18-00348-CV, 2018 Tex. App. LEXIS 8340 (Tex. App.—Amarillo Oct. 10, 2018, orig. proceeding).

*Calvillo Amaya*, 748 S.W.2d 224, 225 (Tex. 1988) (citing *Ex parte Puckitt*, 322 S.W.2d at 597).

A judgment of contempt must be a written order that clearly states in what respect the trial court's earlier order was violated. *Ex parte Shaklee*, 939 S.W.2d 144, 145 (Tex. 1997). It also follows that, in order to satisfy due process, the judgment of contempt must clearly specify the punishment imposed by the court. *Id.* Furthermore, Texas law is clear that a petitioner may not be confined for civil coercive contempt unless she has the ability, at the time of the contempt hearing, to perform or satisfy the order being enforced, but refuses to do so. *In re Gawerc*, 165 S.W.3d 314, 315 (Tex. 2005).

A written order of commitment is the warrant, order, or process by which a trial court directs a ministerial officer, such as the sheriff, to take a person to jail and detain her there and it is an essential prerequisite to the imprisonment of a person for contempt. *Ex parte Hardin*, 344 S.W.2d 152, 153 (Tex. 1961). "An arrest without a written commitment made for the purpose of enforcing a contempt judgment is an illegal restraint from which the prisoner is entitled to be relieved." *Ex parte Puckitt*, 322 S.W.2d 597, 597 (Tex. 1959). Even when a written judgment of contempt is signed, a written order of commitment delivered to the sheriff or other appropriate officer is still necessary to legally imprison a person. *Ex parte Hernandez*, 827 S.W.2d 858, 858 (Tex. 1992) (citing *Ex parte Hardin*, 344 S.W.2d at 153). In Texas, there is no particular form prescribed by law for an order of commitment, and accordingly, the order of commitment may be contained within the trial court's judgment of contempt or it may be a separate order signed by the judge or the clerk of the court at the judge's direction. *Ex parte Barnett*, 600 S.W.2d at 256.

3

ANALYSIS

Here, no judgment of contempt was signed by the judge contemporaneously with the signing of an order of commitment and the actual physical restraint of Petitioner. Petitioner was originally taken into custody at 10:41 a.m., on Friday, October 5, 2018, on the basis of an undated card (styled a "Bench Order"), signed by the trial judge and delivered to the Lubbock County Sheriff. This "order" was later file-marked by the district clerk on Monday, October 8, 2018. The "order" does not contain the essential elements of a judgment of coercive contempt because it does not clearly state in what respect a prior order of the court has been violated; nor does it state how, if at all, Petitioner might purge herself of contempt. In fact, the "order" does not clearly and specifically order the sheriff to do anything. It merely states, "TO THE SHERIFF OF LUBBOCK COUNTY, TEXAS, GREETINGS: . . . [X] Civil Contempt until Kristina Cook purges herself of contempt or is ordered released by a court order." As such, it does not order the sheriff to physically restrain, detain, or otherwise incarcerate Petitioner, nor does it specify in any manner or form how long she is to be restrained or how she might "purge" herself of contempt, leaving both the sheriff and Petitioner to only guess how long she might be imprisoned. Accordingly, this card, standing alone, is not an order of commitment.

A written order, entitled *Order Holding Kristina Shea Cook in Contempt and for Commitment to Jail*, was filed with the district clerk at 8:35 a.m. on Monday, October 8, 2018. While it might be argued that this order was entered within a "reasonable period of time" following her incarceration, Petitioner contends this order cannot somehow revive an otherwise null and void order of commitment. This argument, however, presents a question we need not decide because, even construing the two orders together, both the

4

"Bench Order" and judgment of contempt are still deficient in that they do not contain an order or directive to the sheriff to confine and restrain Petitioner, nor do they include a directive to the clerk of the court to issue a written attachment or order of commitment to a proper officer. Therefore, because the necessary paperwork has yet to be appropriately completed, we conclude Petitioner was being unlawfully restrained.

CONCLUSION

Because we find Petitioner was being unlawfully restrained, we make permanent our previous order granting her request for emergency temporary relief.

It is so ordered.

Per Curiam