**Daniel Lee DETRICH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 52862.

Court of Criminal Appeals of Texas.

Jan. 26, 1977.

**836**

John W. Bryant and Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve Wilensky, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from an order revoking probation.

Appellant entered a plea of guilty before the court to the offense of burglary of a building on July 11, 1975. Punishment was assessed at five years, probated.

The State filed a motion to revoke appellant's probation on July 23, 1975, alleging that appellant had violated his probation in that,

"On the 18th day of July, 1975, in Dallas County, Texas, Daniel Lee Detrich did then and there break and enter a vehicle without the effective consent of Paula Dandridge, the owner thereof, and with the intent to then and there commit the offense of theft."

Immediately prior to the hearing on November 6, 1975 on the motion to revoke, a jury had found appellant guilty of the offense made the basis of the motion to revoke.[1] The hearing on the motion to revoke was before the same judge who had tried appellant's case before the jury and appellant was represented by the same court-appointed counsel. At the conclusion of the hearing on the motion, the court entered an order revoking appellant's probation finding that he had violated that condition of his probation providing that he "(a) Commit no offense against the laws of this or any other State or the United States."

Appellant contends that the court abused its discretion in revoking his probation "in that no plea was entered by appellant making the hearing on the motion to revoke a nullity."

Appellant points to the fact that the record does not show that he either entered a plea to the accusation in the motion, nor did he waive the right to enter a plea or refuse to plead.

1. This conviction was affirmed in a per curiam opinion handed down this day in *Detrich v. State,* Cause No. 52,863.

Appellant relies on *Lumsden v. State,* Tex.Cr.App., 384 S.W.2d 143, where reversal resulted upon an appeal from a conviction for driving while intoxicated where the record reflected that no plea was entered to the information, nor was there a waiver of the right to enter a plea. It was held in *Lumsden* that a plea must be entered in every criminal case and, if no plea is entered, the trial is a nullity.

Arts. 26.11, 26.12, and 36.01, V.A. C.C.P., provide for the entry of a plea by the defendant in a criminal trial and the entry of a plea of not guilty if the defendant refuses to answer. The foregoing articles set forth the required procedure in the trial of criminal cases and have no application to hearings on motions to revoke. Art. 42.12, V.A.C.C.P., "Adult Probation and Parole Law," makes no provision for entry of a plea in a hearing on a motion to revoke. The requirements of due process which are applicable to probation revocation proceedings, *Spencer v. State,* Tex.Cr.App., 503 S.W.2d 557, do not require that a plea be entered in a motion to revoke hearing. While it would appear that a more orderly procedure would be had if probationer were offered an opportunity to enter a plea of "true" or "not true" to the motion to revoke, we hold that a failure to enter a plea by probationer does not render the proceeding a nullity. No error is shown.

Appellant contends that the court abused its discretion in appointing counsel for him on the same day as his hearing on the motion to revoke.

The record reflects that counsel had just concluded representing appellant in a trial before a jury for the offense which constituted the sole basis of the motion to revoke.

This Court has held that, absent a showing of harm, nothing in Art. 42.12, supra, or the United States Constitution requires a preparation period of ten days prior to a revocation hearing. See *Jacobs v. State,* Tex.Cr.App., 500 S.W.2d 521; *Hill v. State,* Tex.Cr.App., 480 S.W.2d 200.

Appellant has not shown harm, nor do we perceive how appellant could have been harmed when his counsel had just concluded representing him on the trial of the offense which was made the sole basis of the motion to revoke.

No abuse of discretion is shown in the revocation of appellant's probation.

The judgment is affirmed.

Opinion approved by the Court.