NUMBERS
13-04-211-CR AND 13-04-212-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

HERMAN GERMAN
LICERIO,                                                          Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 24th District
Court

                                       of
Calhoun County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

 

      Opinion by Chief Justice Valdez








Appellant, Herman German Licerio, pled guilty in
Cause Number 2001-6-5623 to felony assault on a public servant, see Tex. Pen. Code Ann. ' 22.01(b)(1) (Vernon Supp. 2004-05), and also pled
guilty in Cause Number 2001-8-5689 to felony aggravated sexual assault.  See Tex.
Pen. Code Ann. ' 22.021(e) (Vernon Supp. 2004-05).  Adjudication of guilt was deferred in both
causes and appellant was placed on community supervision.  Following appellant=s conviction for driving while intoxicated (ADWI@), the State brought proceedings to revoke appellant=s community supervision due to appellant=s violation of several requirements of his
supervision.  Guilt was adjudicated and
the trial court sentenced appellant to seven years= imprisonment in Cause Number 2001-6-5623 and twenty
years= imprisonment in Cause Number 2001-8-5689.   Appellant now appeals the adjudication of
guilt.  We affirm the judgment of the
trial court.  

Anders Brief

Appellant=s counsel filed an Anders brief with this
Court in which he concluded, after careful investigation, the appeal is
frivolous and without merit.  See
Anders v. California, 386 U.S. 738, 744 (1967).  The brief presents a professional evaluation
showing why there is no basis to advance an appeal.  See Stafford v. State, 813 S.W.2d 503,
509‑10, 510 n.3 (Tex. Crim. App. 1991). 
We conclude counsel's brief meets the requirements of Anders. See
Anders, 386 U.S. at 744‑45; High v. State, 573 S.W.2d 807, 813
(Tex. Crim. App. 1978).  Counsel also
informed appellant that he had the right to file a pro se appellate brief and
to review the record.  See McMahon v.
State, 529 S.W.2d 771, 772 (Tex. Crim. App. 1975); Johnson v. State,
885 S.W.2d 641, 646 (Tex. App.BWaco 1994, pet. ref'd) (per curiam).  Over thirty days have passed since appellant
was informed of his rights, and no pro se brief has been filed by appellant. 

In the Anders brief, counsel raises two
potential issues:  (1) the trial court
failed to inquire as to appellant=s plea to the State=s
allegations that he had violated his community supervision; and (2) the trial
court failed to hold a separate hearing on punishment.  








We first address appellant=s argument regarding the court=s failure to take his plea of Atrue@ or Anot true@ to the alleged violations of the terms of his
supervision.  Article 42.12 of the
criminal procedure code, which dictates procedure for a deferred adjudication
of guilt, makes no provision for entry of a plea in a hearing on a motion to
revoke.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 5 (Vernon Supp. 2004B05).  The court of criminal procedure has
interpreted this statute to mean that

the requirements of due process which are applicable
to probation revocation proceedings do not require that a plea be entered in a
motion to revoke hearing.  While it would
appear that a more orderly procedure would be had if probationer were offered
an opportunity to enter a plea of "true" or "not true" to
the motion to revoke, we hold that a failure to enter a plea by probationer
does not render the proceeding a nullity.

Detrich v. State, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977).  Therefore, we conclude there was no error in
the trial court=s failure to elicit a plea from appellant regarding
the violations of community supervision.

Appellant=s counsel also alleges that there may be error
resulting from the trial court=s failure to hold a separate punishment hearing
after adjudicating guilt, relying on Issa v. State, 826 S.W.2d 159, 161
(Tex. Crim. App. 1992).  However, we note
that Issa=s insistence on a separate punishment hearing has
been modified by Pearson v. State, where the court concluded that AIt is immaterial that the opportunity to present
evidence came before the actual words of adjudication. . . .  Appellant had the opportunity to present
evidence during the proceedings. That is all that is required.@  Pearson
v. State, 994 S.W.2d 176, 179 (Tex. Crim. App. 1999).  Here, appellant was provided with this
requisite opportunity; after the State presented its evidence in support of
revocation, appellant was admonished of his rights, asked if he wanted to testify,
declined to do so, and then rested. 
Throughout the State=s evidence, appellant also cross-examined several of
the State=s witnesses. 
We conclude that appellant had the opportunity to present evidence, and
therefore the trial court did not err in proceeding immediately to sentencing
without declaring a separate punishment phase. 
See id.

We agree with counsel and conclude that appellant=s two issues have no merit. 








Independent Review

Upon receiving an Anders brief, we must
conduct a full examination of all the proceedings to determine whether the case
is wholly frivolous.  Penson v. Ohio,
488 U.S. 75, 80 (1988).  We note that
appellant filed identical motions for new trial in both causes following his
initial placement on community supervision; these motions allege that ADefendant is stating that the plea recommendation
was not properly explained by counsel.@  The record
also contains a letter from appellant to the trial court requesting a new
court-appointed attorney and complaining that his previously-appointed counsel
failed to appear with him at several court dates.  We will therefore review the record for any
ineffectiveness of counsel in accordance with the well-established standard of
review of Strickland v. Washington, 466 U.S. 668, 684 (1984).   See Hernandez v. State, 726 S.W.2d
53, 55 (Tex. Crim. App. 1986).








After a review of the record, we see that appellant
failed to demonstrate that he received ineffective assistance of counsel.  He signed a Aplea
memorandum@ stating that he was Atotally
satisfied with the representation given by the defendant=s attorney in this case@ and was Aprovided fully effective and competent
representation.@  Appellant
also signed admonishments from the judge indicating his awareness that
adjudication of guilt could be deferred and that he could receive various forms
of community supervision.  His letter to
the trial court did complain that his counsel failed to appear at several court
dates but does not make it clear whether these appearances involved the two
causes before us now or his separate DWI conviction.  Therefore, we conclude that appellant has
failed to establish that (1) trial counsel's performance was deficient in that
it fell below the prevailing professional norms, or that (2) the deficiency prejudiced
the defendant; that is, but for the deficiency, there is a reasonable
probability that the result of the proceeding would have been different.  See Mallett v. State, 65 S.W.3d 59,
62-63 (Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999).  Thus, we conclude
appellant did not establish a claim of ineffective assistance of counsel.   

We have reviewed the remainder of the entire record
and find no further potential errors.  We
conclude that the appeal is wholly frivolous. 
See Stafford, 813 S.W.2d at 509. 
Accordingly, we affirm the judgment of the trial court.

Motion to Withdraw

Counsel has requested to withdraw from further
representation of appellant on this appeal. 
An appellate court may grant counsel's motion to withdraw filed in
connection with an Anders brief.  Moore
v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford,
813 S.W.2d at 511.  We grant counsel's
motion to withdraw and order him to notify appellant of the disposition of his
appeal and the availability of discretionary review.  See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997) (per curiam).

Conclusion

The judgment of the trial court is affirmed.                                                 

 

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 Do not publish.

Tex. R. App. P.
47.2(b).

 

Memorandum Opinion delivered and filed

this 13th day of October, 2005.