

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

### NO. 02-16-00200-CR

WHISKEY WILLIAMS                                                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                                                STATE

----------

FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. F-2013-1198-D

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

In three issues, Appellant Whiskey Williams appeals the trial court's judgment adjudicating him guilty of manslaughter and sentencing him to thirteen years' confinement. *See* Tex. Penal Code Ann. § 19.04 (West 2011). We will affirm.

----

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

Williams was indicted for manslaughter after he struck Edron Slaughter in the head with a loaded firearm causing the firearm to discharge, hitting and killing Ashley Walters. Williams pleaded guilty to manslaughter and received a five-year term of deferred adjudication community supervision. The State later filed a motion to proceed with an adjudication of guilt, alleging that Williams had violated the following conditions of his community supervision:

(a) Commit no offense against the laws of this State or of any other state or of the United States;

. . . .

(s) . . . complete 200 hours of Community Service Restitution at a community service project or projects for an organization or organizations approved by the judge and designated by the Denton County Supervision Department to be completed at a rate of not less than four hours per week starting by but not later than 60 days from the date of community supervision;

(t) Submit to testing for alcohol or drug usage at the request of a community supervision officer. Pay the cost for these tests within thirty (30) days of giving the specimen;

(u) Within sixty (60) days, . . . complete a drug/alcohol evaluation through an agency which offers such services and approved by his/her community supervision officer and provide written proof of compliance to the supervision officer within 10 days of completion. If treatment is deemed necessary, the defendant shall abide by any and all treatment directives, comply with the rules and regulations of the approved agency, pay all costs incurred for such services. Continue in said treatment until successfully completed as stated by the counselor with the agreement of his/her community supervision officer; [and]

. . . .

(cc) [Attend] Individual counseling, no less than three (3) sessions specifically addressing the offense.

Williams's probation officer, Christy Martin, testified at the hearing on the State's motion to proceed to adjudication. Martin testified that Williams did not complete the community service hours required by condition (s) of his community supervision. She testified that Williams failed to perform the required four hours of weekly community service for the months of July, September, October, and November of 2014, as well as for the month of January 2015. Martin also testified that Williams did not submit to testing for drug usage as required by condition (t) of his community supervision. She testified that Williams did not submit to drug testing that she requested on October 10, October 31, November 13, December 18, and December 30, 2014. Martin also testified that Williams failed to timely submit to the drug/alcohol evaluation required by condition (u) of his community supervision. She further testified that Williams failed to attend the three counseling sessions specifically addressing the manslaughter offense as required by condition (cc) of his community supervision.

The State also presented evidence regarding Williams's alleged violation of condition (a) of his community supervision—that he commit no offense against the laws of Texas or any other state. Terry Brooks testified that he was a deputy with the Kerr County Sheriff's Department and a former officer of the Denton Police Department. Deputy Brooks testified that on January 12, 2015—while working as a Denton police officer—he conducted a traffic stop on Williams.

3

During the stop, Deputy Brooks observed Williams pull into a parking lot, and he saw a clear bag fly out of the window of Williams's vehicle. Williams was the sole occupant of the stopped vehicle. Deputy Brooks testified that he walked over to the bag and saw that it contained "a green, leafy substance consistent with marijuana" and that based on the smell and appearance of the substance, in his opinion, the bag contained marijuana.

Officer Craig Fitzgerald of the Denton Police Department testified that he was with Deputy Brooks during Williams's traffic stop and that he picked up the bag that came from Williams's vehicle. Officer Fitzgerald testified that the bag contained "a green, leafy substance [he] believed to be marijuana" and that, in his opinion, the contents of the bag contained marijuana. He further testified that the marijuana collected during the traffic stop weighed one ounce.

Detective Jeffrey Laughlin of the Denton Police Department testified that on December 30, 2014, he set up a controlled buy for narcotics between Williams and a confidential informant. Detective Laughlin testified that he outfitted the informant with a live wire so that he could hear the narcotics transaction taking place, and he verified prior to the transaction that there was no contraband on the informant or in the informant's vehicle. He testified that he set up surveillance on the location of the transaction, and he observed Williams arrive in a vehicle. Detective Laughlin then observed the informant exit his vehicle and get into Williams's vehicle, and Detective Laughlin heard a conversation between Williams and the informant in which Williams sold marijuana to the informant.

4

Detective Laughlin then observed the informant get back into his vehicle, and he followed the informant to a nearby location where he was handed a bag containing what he recognized to be marijuana. The marijuana collected from the controlled buy weighed fourteen grams.

After the parties rested their respective cases-in-chief, Williams's counsel brought to the trial court's attention the fact that Williams had not entered a plea to the State's motion. Williams then waived the reading of the motion and entered a plea of not true to the allegations contained in the State's motion. The trial court then found the State's allegations (a-1), (a-2), (s), (t-4), (t-6), (t-8), (t-11), (t-12), (u), and (cc) to be true. After a subsequent punishment hearing, Williams was adjudicated guilty of manslaughter and sentenced to thirteen years' confinement.

### III. WILLIAMS'S COMPLAINT THAT THE TRIAL COURT HEARD TESTIMONY BEFORE HE ENTERED HIS PLEA

In his first issue, Williams argues that his due-process rights were violated because the trial court heard testimony before he entered his plea. He contends that this circumstance brings into doubt whether he was fully aware of the allegations against him and whether he was properly able to defend himself, but he cites nothing in the record indicating that he was confused by or unaware of the allegations. Citing *Detrich v. State*, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977), Williams candidly acknowledges that "the current status of the law provides that due process was afforded [him] even though his plea came after

5

the evidence was submitted," but he "submits that this current status ought to be reexamined."

In *Detrich*, the court of criminal appeals held that due process does not require that a plea be entered in a probation revocation hearing. 545 S.W.2d at 837. Other Texas courts, including our own, have followed *Detrich* and extended its holding to situations involving motions to proceed with an adjudication of guilt. *See, e.g.*, *Moore v. State*, No. 14-14-00350-CR, 2015 WL 4141100, at *3 (Tex. App.—Houston [14th Dist.] July 9, 2015, pet. ref'd) (mem. op., not designated for publication) ("[T]here is no requirement that a defendant on community supervision enter a plea to the allegations in the motion to adjudicate."); *Licerio v. State*, No. 13-04-00211-CR, 2005 WL 2560228, at *2 (Tex. App.—Corpus Christi Oct. 13, 2005, no pet.) (mem. op., not designated for publication) ("[W]e conclude there was no error in the trial court's failure to elicit a plea from appellant regarding the violations of community supervision."); *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.) ("[D]ue process does not even require appellant be given the right to enter a plea to an alleged community supervision violation.").

Because the court of criminal appeals and this court have held that due process does not require a defendant to enter a plea to the allegations contained in a State's motion to adjudicate and because Williams has not raised any convincing reasons for us to reexamine those holdings, we decline Williams's invitation to reexamine precedent on this issue, and we hold that there was no

6

error here when Williams's plea was entered after testimony was presented. *See Detrich*, 545 S.W.2d at 837; *Moore*, 2015 WL 4141100, at *3; *Licerio*, 2005 WL 2560228, at *2; *Anthony*, 962 S.W.2d at 246.

We overrule Williams's first issue.

### IV. WILLIAMS'S COMPLAINT REGARDING EVIDENCE OF POSSESSION AND DELIVERY OF MARIJUANA

In his second and third issues, Williams challenges the trial court's finding that he violated condition (a) of his community supervision by possessing and delivering marijuana. His second issue contends that there was no credible evidence that he possessed and delivered marijuana, and his third issue contends that he received ineffective assistance of counsel when his attorney asked Officer Fitzgerald if a lab had confirmed that the substance taken from the January 12, 2015 traffic stop was marijuana. While he challenges the trial court's finding that he violated condition (a), Williams does not challenge the trial court's findings that he violated conditions (s), (t), (u), and (cc).

### A. Standard of Review

A trial court's determination on a motion to adjudicate is reviewable in the same manner as the determination on a motion to revoke community supervision. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 2016). We review an order revoking community supervision under an abuse-of-discretion standard. *Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State*, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a

7

revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court's ruling. *Cardona*, 665 S.W.2d at 493; *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona*, 665 S.W.2d at 493–94.

Proof by a preponderance of the evidence of any *one* of the alleged violations of the conditions of community supervision is sufficient to support a revocation order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); *Sanchez v. State*, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980). Consequently, when there is one sufficient ground, we do not need to address the other contentions. *See Sanchez*, 603 S.W.2d at 871; *Long v. State*, No. 02-12-00090-CR, 2013 WL 1337975, at *2 n.7 (Tex. App.—Fort Worth Apr. 4, 2013, pet. ref'd) (mem. op., not designated for publication).

### B. The Evidence is Sufficient to Support a Finding that Williams Violated the Conditions of His Community Supervision

Here, Williams only challenges the trial court's finding that he possessed and delivered marijuana. His second and third issues do not challenge the trial court's findings that he violated conditions (s), (t), (u), and (cc). The State

8

presented testimony from Williams's probation officer to support the allegation that Williams had violated these conditions of his community supervision. His probation officer testified (1) that he failed to perform required community service for the months of July, September, October, and November of 2014, as well as for the month of January 2015; (2) that he did not submit to drug testing that she requested on October 10, October 31, November 13, December 18, and December 30, 2014; (3) that he failed to timely submit to drug/alcohol evaluation; and (4) that he failed to attend counseling sessions.

Based on this evidence, the trial court could have found by a preponderance of the evidence that Williams violated a condition of his community supervision. Because any one of these violations could have provided a legally sufficient basis for the trial court to adjudicate guilt, we need not address the merits of Williams's second and third issues. *See Moore*, 605 S.W.2d at 926; *Sanchez*, 603 S.W.2d at 871; *Pope v. State*, No. 06-16-00128-CR, 2017 WL 378765, at *2 (Tex. App.—Texarkana Jan. 27, 2017, no pet.) (mem. op., not designated for publication) ("Because Pope does not challenge all of the trial court's violation findings, we must conclude a preponderance of the evidence supported the trial court's findings with respect to those unchallenged violations."); *Chamberlain v. State*, No. 02-10-00447-CR, 2011 WL 5009859, at *2 (Tex. App.—Fort Worth Oct. 20, 2011, no pet.) (mem. op., not designated for publication) (holding court need not address appellant's arguments as to one

9

violation of community supervision when appellant did not challenge four other violations).

We therefore overrule Williams's second and third issues.

## V. CONCLUSION

Having overruled Williams's three issues, we affirm the trial court's judgment.

SUE WALKER
JUSTICE

PANEL: WALKER, KERR, and PITTMAN, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 27, 2017