

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00240-CR
No. 02-22-00006-CR

_____

PAUL SPENCER, JR., Appellant

V.

THE STATE OF TEXAS

On Appeal from Criminal District Court No. 2
Tarrant County, Texas
Trial Court Nos. 1588781D, 1588780D

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Chief Justice Sudderth

## MEMORANDUM OPINION

Appellant Paul Spencer, Jr. appeals from two judgments adjudicating guilt on two separate counts of possession with intent to deliver a controlled substance[1] and revoking his probation. In two issues, Spencer asserts that the trial court erred (1) by admitting the State's community supervision records into evidence at the revocation hearing under the Rule 803(6) business records hearsay exception and (2) by failing to enter a separate plea from Spencer regarding his alleged probation violations in the second of his two cases. We will affirm.

## I. Background

Spencer was indicted for two counts of possession with intent to deliver a controlled substance—one count for methamphetamine and one count for heroin. In October 2019, Spencer entered into a plea bargain with the State whereby adjudication of guilt was deferred on each count and Spencer was placed on 10 years' probation.[2]

In June 2021, the State, alleging that Spencer had violated the terms of his probation, filed a petition to proceed to adjudication on each count. Specifically, the

---

[1]The trial court established separate case numbers for each of the two counts: Case No. 1588780D for methamphetamine and Case No. 1588781D for heroin. Spencer has filed separate appeals in each case. Because the issues overlap, we address both appeals in this opinion.

[2]In addition to probation, Spencer was required to pay a $1,000 fine and serve a 90-day confinement term.

State alleged that Spencer had committed the following violations: (1) failure to report during multiple months; (2) failure to notify his community-supervision officer that he had changed his address; (3) failure to provide a urine sample as instructed; (4) failure to complete a Day Treatment Cognitive Track Program; and (5) failure to attend orientation for the aforementioned program on two separate dates.

In November 2021, the trial court held a probation revocation hearing. At the start of the hearing, the trial court called Case Number 1588781D—the heroin case—but did not call Case Number 1588780D—the methamphetamine case. At the beginning of the hearing, the trial court informed Spencer of the alleged probation violations and accepted Spencer's pleas of not true to each of those allegations. The trial court then proceeded with the hearing and allowed the State to call its witness. After the State asked its witness a few preliminary questions, the trial court interrupted to inquire whether the revocation hearing was intended to encompass one or both of Spencer's cases. After confirming that the hearing was meant to address both cases, the trial court called Case Number 1588780D and noted that "it has the same allegations that I just talked with Mr. Spencer about, but it's two different cases." However, the trial court never requested a separate plea from Spencer concerning the allegations in the second case.

The State's witness at the hearing was Laura Hebring, a business record custodian with the Tarrant County Community Supervision and Corrections Department (CSCD). Through her, Spencer's CSCD file was admitted into evidence.[3]

To establish the predicate for admitting the CSCD records, the State elicited the following testimony from Hebring:

State:      And were those documents kept in the regular course of business for CSCD?

Hebring:    Yes.

State:      And is it the normal course of CSCD's business to make and maintain these records?

Hebring:    Yes.

State:      And did an employee of CSCD make these records in accordance with the activities elicited by Defendant, Paul Spencer?

Hebring:    Yes.

State:      And were these entries made on or about the time of the activities or developments that were made known to CSCD by Paul Spencer?

Hebring:    Yes.

---

[3]As Hebring explained, the CSCD records contained "documentation of phone calls, office visits, UAs. Anything pertaining to [Spencer]'s conditions of probation and interactions between probation staff and [Spencer]." The 59-page records included date- and time-stamped entries from every community-supervision officer (CSO) who worked on Spencer's cases and provided detailed, comprehensive notes from all communications between a CSO and Spencer and all CSO reviews of Spencer's compliance status.

| | |
|---|---|
| State: | And did the employee or representative that made these entries have actual knowledge of the activities and developments of Mr. Paul Spencer? |
| Hebring: | Yes. |
| State: | And are the records the exact duplicates of the original entries? |
| Hebring: | Yes. |

After laying this foundation, the State moved to admit the CSCD records into evidence, and Spencer's trial counsel asked to take Hebring on voir dire. Spencer's counsel asked Hebring one question: whether she had "complete[d] any affidavit attesting to the fact that [she was] the custodian of records of the[] documents." After Hebring responded that she had not, Spencer's counsel stated, "Improper predicate is my objection, Your Honor." The State responded that the CSCD records are self-proving and that Hebring was the custodian of the records. The trial court then asked Hebring if she was, in fact, the custodian and, based on her affirmative response, overruled Spencer's objection. Spencer's counsel made no further argument or clarification regarding the nature of the objection, and the CSCD records were admitted.

Spencer testified that he had been compliant with the terms of his probation until he contracted COVID-19 in November 2020. He stated that at one point he had been close to death and that his COVID-19 symptoms persisted even after he no longer tested positive. He denied missing a urinary analysis test and recalled attending

his required appointments, including the Day Treatment Cognitive Track Program classes.

At the conclusion of the hearing, the trial court found all of the alleged probation violations in the State's petition to be true, adjudicated Spencer's guilt on both counts of possession with intent to deliver a controlled substance, and sentenced him to five years' confinement on the heroin count and four years' confinement on the methamphetamine count.[4]

This appeal followed.

## II. Discussion

On appeal, Spencer raises two issues. First, he argues that the trial court erred by admitting the CSCD records because the State did not establish that they were business records under the criteria set forth in Rule 803(6) of the Texas Rules of Evidence. Second, he argues that the trial court erred by failing to enter a separate plea from Spencer to the alleged probation violations in his second case concerning the methamphetamine charge.[5] We will address each of these issues in turn.

---

[4]The trial court ordered that these sentences would run concurrently.

[5]As Spencer's second issue concerns the failure to enter a plea in the second of his two cases, he only raises this issue in his appeal from that case—Case No. 02-22-00006-CR.

## A. Issue One: Admission of the CSCD Records

In his first issue, Spencer asserts that the trial court erred by admitting the CSCD records because the State failed to satisfy all of the requirements for their admission as records kept in the course of a regularly conducted business activity.[6] Tex. R. Evid. 803(6). Specifically, Spencer argues that the State failed to show that making the records was a regular practice of the CSCD's activities. *Id.* The State contends that Spencer failed to preserve this issue for appellate review. Thus, before addressing the merits of Spencer's argument, we will consider whether he has preserved it for our review.

---

[6]To admit records kept in the course of regularly conducted activities under Rule 803(6), the proponent must satisfy the following prerequisites:

> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted business activity;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by an affidavit or unsworn declaration . . . ; and
>
> (E) the opponent fails to demonstrate that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

Tex. R. Evid. 803(6).

To preserve a complaint for appellate review, the record must show that a specific and timely objection was made to the trial judge and that the judge ruled on the objection. Tex. R. App. P. 33.1(a); *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009); *Smith v. State*, 256 S.W.3d 341, 343 (Tex. App.—San Antonio 2007, no pet.). "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial judge of the basis of the objection and give him the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez v. State*, 306 S.W.3d 308, 312 (Tex. Crim. App. 2009). To satisfy this specificity requirement, "[t]he complaining party must have informed the trial judge what was wanted and why the party was entitled to it." *Lovill*, 319 S.W.3d at 691. An issue is not preserved "if the legal basis of the complaint raised on appeal varies from the complaint made at trial." *Id.* at 691–92; *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (admonishing that for error to be preserved, the appellant's "point of error on appeal must comport with the objection made at trial").

Here, Spencer's objection was not sufficiently specific to preserve the issue he raises on appeal. Spencer's complaint on appeal is that Hebring's testimony was insufficient to show that making the CSCD records was a regular practice of the CSCD's activities. However, Spencer did not explicitly state this ground for exclusion at the revocation hearing, nor was it obvious from the context. *See Resendez*, 306 S.W.3d at 313. Spencer's only stated objection was "improper predicate," which he raised after asking Hebring a single question on voir dire about whether she had

completed an affidavit stating that she was the custodian of the CSCD records. Thus, the context suggests that Spencer's objection was based on a lack of evidence that Hebring was the custodian of the records, not that the State had failed to show that making the records was a regular practice of the CSCD's activities. Indeed, the trial court's response indicates that this was its understanding because it overruled the objection only after asking Hebring if she was, in fact, the custodian. Likewise, the prosecutor's response that Hebring was "capable of testifying because she is the . . . custodian" of the CSCD records reflects that she interpreted the objection the same way.[7] Because Spencer failed to effectively communicate to the trial court and opposing counsel the argument he now raises on appeal, he has forfeited the issue. *See Resendez,* 306 S.W.3d at 313 ("[W]hen the context shows that a party failed to effectively communicate his argument, then the error will be deemed forfeited on appeal.").

We overrule Spencer's first issue.

---

[7]Spencer argues that the prosecutor's statement that that the CSCD records were a "self-proving document with the proper foundation laid" demonstrates that the objection was specific enough to communicate the argument Spencer now raises on appeal. However, this assertion is belied both by the prosecutor's immediately following statement quoted above affirming that Hebring was the custodian of the records and the fact that the prosecutor did not attempt to rephrase her questions to Hebring or ask an additional one to show that making the records was a regular practice of the CSCD's activities. Taken together and viewed in context, the prosecutor's statements reflect her understanding that Spencer's objection solely concerned Hebring's status as custodian, which was essential to laying the "proper foundation" for the admission of the records. *See* Tex. R. Evid. 803(6)(D).

9

**B.** **Issue Two: Whether Due Process Required the Trial Court to Enter a Separate Plea from Spencer in Each Case**

In his second issue, Spencer argues that the trial court violated his due process rights by failing to enter a separate plea from Spencer regarding the alleged probation violations in his second case concerning the methamphetamine charge. This argument is without merit.[8]

As Spencer acknowledges in his brief, his argument lacks support in the law and is contrary to this court's holding in *Williams v. State*, No. 02-16-00200-CR, 2017 WL 1536202 (Tex. App.—Fort Worth Apr. 27, 2017, no pet.) (mem. op., not designated for publication). In *Williams*, we rejected the appellant's argument that his due-process rights had been violated because the trial court had heard testimony

---

[8]The State argues that Spencer failed to preserve this issue, but Spencer counters that the issue is based on a "category-two *Marin* right" and therefore must have been affirmatively waived by Spencer to be deemed unpreserved for appeal. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993). Because we overrule Spencer's claim on the merits, we need not address this preservation issue. *See, e.g., Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006) (expressly declining to decide whether an objection was required to preserve error on an issue because it could be overruled on the merits); *Dawson v. State*, No. 14-95-01091-CR, 1998 WL 119675, at *1 n.4 (Tex. App.—Houston [14th Dist.] Mar. 19, 1998, pet. ref'd) (not designated for publication) ("Because we overrule this point of error on the merits, we do not address whether error was preserved."); *see also Redmond v. State*, 629 S.W.3d 534, 542 n.11 (Tex. App.—Fort Worth 2021, pet. ref'd) (noting that while "'a court of appeals may not *reverse* a judgment of conviction without first addressing any issue of error preservation[,]'" it "may still affirm the judgment on another basis" (quoting *Meadoux v. State*, 325 S.W.3d 189, 193 n.5 (Tex. Crim. App. 2010))); *Williams v. State*, No. 02-12-00238-CR, 2014 WL 1668491, at *1 (Tex. App.—Fort Worth Apr. 24, 2014, pet. ref'd) (mem. op., not designated for publication) (quoting and relying upon *Meadoux* to affirm judgment of conviction on the merits).

before he entered his plea at his probation revocation hearing. *Id.* at *2–3. As we recognized in that case, the Texas Court of Criminal Appeals has "held that due process does not require that a plea be entered in a probation revocation hearing." *Id.* at *2 (citing *Detrich v. State*, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977)). Moreover, we and several of our sister courts have followed *Detrich* and expanded its holding to situations—like the present case—where the State seeks to adjudicate a defendant's guilt in addition to revoking his probation. *Id.* (first citing *Moore v. State*, No. 14-14-00350-CR, 2015 WL 4141100, at *3 (Tex. App.—Houston [14th Dist.] July 9, 2015, pet. ref'd) (mem. op., not designated for publication); then citing *Licerio v. State*, No. 13-04-00211-CR, 2005 WL 2560228, at *2 (Tex. App.—Corpus Christi–Edinburg Oct. 13, 2005, no pet.) (mem. op., not designated for publication); and then citing *Anthony v. State*, 962 S.W.2d 242, 246 (Tex. App.—Fort Worth 1998, no pet.)).

Because this court and the Texas Court of Criminal Appeals have held that due process does not require a defendant to enter a plea to the allegations contained in a State's motion to adjudicate and because Spencer has not raised any convincing reasons for us to reexamine those holdings, we decline Spencer's invitation to reexamine precedent on this issue. *See Detrich*, 545 S.W.2d at 837; *Williams*, 2017 WL 1536202, at *2–3; *Moore*, 2015 WL 4141100, at *3; *Licerio*, 2005 WL 2560228, at *2; *Anthony*, 962 S.W.2d at 246. Accordingly, we hold that the trial court did not err by failing to enter a separate plea from Spencer to his alleged probation violations in his second case.

11

We overrule Spencer's second issue.

### III.  Conclusion

Having overruled both of Spencer's issues, we affirm both of the trial court's judgments.

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  November 23, 2022