**Opinion filed September 12, 2024**



In The

# Eleventh Court of Appeals

_____

## Nos. 11-24-00154-CR, 11-24-00155-CR, & 11-24-00156-CR

_____

### OMAR DESMOND ESSUE, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 372nd District Court**
**Tarrant County, Texas[1]**
**Trial Court Cause Nos. 1628770D, 1632768D, & 1632770D**

## M E M O R A N D U M   O P I N I O N

Appellant, Omar Desmond Essue, entered open pleas of guilty to the third-degree felony offenses of stalking, tampering with a witness, and violating a bond condition or protective order twice within twelve months. *See* TEX. PENAL CODE ANN. § 25.072(e) (West Supp. 2023), § 36.05(a), (e-1) (West 2016), § 42.072 (West

---

[1]This appeal was transferred to this court from the Second Court of Appeals pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West Supp. 2023). We decide this case in accordance with the precedent of the Second Court of Appeals under the principles of stare decisis. TEX. R. APP. P. 41.3.

Supp. 2023). The trial court assessed Appellant's punishment in each cause at confinement for concurrent terms of ten years in the Institutional Division of the Texas Department of Criminal Justice, and no fine. On January 26, 2021, the trial court granted Appellant's motion to suspend further execution of his sentence, and placed him on community supervision for a period of eight years in each cause. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.202 (West 2018).

The State subsequently moved to revoke Appellant's community supervision, alleging that he violated conditions of his community supervision. On April 11, 2024, the trial court held a contested hearing on the State's "Third Amended Second Petition to Revoke Community Supervision." During the hearing, the trial court read each allegation to Appellant, who then expressed his intention to "stand silent" rather than plead "true" or "not true." The trial court entered pleas of "not true" on Appellant's behalf, and permitted the parties to present evidence. *See* CRIM. PROC. art. 26.12 (West 2009) ("If the defendant . . . refuses to answer, the plea of not guilty shall . . . be entered."); *Detrich v. State*, 545 S.W.2d 835, 837 (Tex. Crim. App. 1977); *Ramirez v. State*, No. 02-22-00083-CR, 2023 WL 5114191, at *1 n.1 (Tex. App.—Fort Worth Aug. 10, 2023 no pet.) (mem. op., not designated for publication) ("In the context of a revocation proceeding, [a defendant's] failure to enter a plea is immaterial."). The State's witnesses testified that Appellant failed to report for several of his scheduled monthly appointments with his community supervision officer, tested positive for marihuana, and did not complete the Batterer's Intervention and Prevention Program (BIPP) as required. Appellant admitted during his own testimony that he did not attend BIPP, smoked marihuana prior to his drug test in February 2023, and stopped reporting as alleged in the State's motion. The trial court found those three violations to be "true," to which Appellant admitted, revoked his community supervision, and imposed the original sentences of confinement for ten years in each cause.

Appellant's court-appointed counsel has filed motions to withdraw in this court. The motions are supported by briefs for each cause in which counsel professionally and conscientiously examines the record and applicable law and concludes that there are no arguable issues to present on appeal. Counsel provided Appellant with copies of the briefs, copies of the motions to withdraw, an explanatory letter, and a pro se motion for access to the appellate record. Counsel also advised Appellant of his right to review the record and file a response to counsel's briefs, and of his right to file petitions for discretionary review. *See* TEX. R. APP. P. 68. As such, court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed pro se responses to counsel's *Anders* briefs. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree with counsel that no arguable grounds for appeal exist.[2]

Accordingly, we grant counsel's motions to withdraw, and we affirm the judgments of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

September 12, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[2]Appellant has the right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.